PAPIN et al., Appellants, v. PIEDNOIR et al.

Division Two, July 1, 1907.

1. **TRUST: Power of Disposition: Limitation Over.** Deeds conveying property in fee to a trustee, in trust for the sole use and benefit of a married woman, directing the trustee to collect the rents and pay over the net proceeds to her, upon her receipt alone without any interference from her husband, or at her option to suffer her to use and occupy the property or apply it to any use she might wish, and giving her power to dispose of the fee by deed, will or mortgage, vested in her an equitable fee simple title, and a limitation over upon her death is defeated.

2. ———: ———: **Delegation of Power to Executor.** The deed vested the equitable fee simple title in a married woman with full power in her to dispose of the property and provided that upon her death, if she should not otherwise during her life have disposed of the property, her trustee should convey it to such person as she by last will might direct, and that if she should not by last will have directed the disposal of the property the trustee should convey it to her husband if living, or if dead, to his heirs. She by her last will directed her executor to sell the property and turn the proceeds over to her brother. *Held*, that the will was a valid execution of the power, that the contention that she attempted to delegate to her executor the execution of the power should be disallowed, and that her executor's deed, reciting the power, conveyed the title to the grantee.

3. ———: ———: **Modes.** A power to dispose of property by will includes *ex vi termini* any and all modes of disposal which a will is competent to make, except in so far as the power of appointment by will is qualified or restricted in the instrument creating it.

4. ———: ———: ———: **This Will.** Where the deeds vested an equitable fee simple title in a married woman with full power of disposition, and stated that the property is to be "conveyed to such person or persons as she may by last will direct, with such clauses, conditions and reservations as she may in such last will require," her will directing her executor to sell the property for cash, or one-half cash and the balance in notes secured by a deed of trust, and to turn over the proceeds to her brother, was a strict execution of the power.

5. ———: ———: **Power of Appointment.** A general power of appointment may be exercised in favor of whomsoever donee pleases, even in favor of the donee himself, or for his benefit, or, where the donee is a married woman, in favor of her husband.

6. ———: ———: **Reference to Power.** An execution of a power will be held to have been intended where there is some reference in the will or other instrument to the power, or a reference to the property which is the subject on which it is to be executed. And where the will directed the executor to take charge of testatrix's "real estate in the city of St. Louis, on Pine street, between Twelfth and Thirteenth streets, and sell the same" etc., and she had no other real property, there was a direct and express reference to the subject-matter of the power contained in the deed which described the property by numbers.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*R. M. Nichols* for appellants.

(1) Mrs. Sophia A. Papin could not delegate to her executor the execution of the power given to her, to sell the property and turn over the proceeds to her brother, George Spencer Shaw. Her power of sale could not be delegated. And having a mere power to appoint the use of the property to a person, or persons, her direction that the property be sold by her executor, and the proceeds used in a certain way, was not a valid execution of the power. 22 Am. and Eng. Ency. Law (2 Ed.), 1105; Simpson v. Wingate, 106 Mo. 8; Stephenson's Ex. v. Richardson, 88 Pa. St. 40; Davis v. Vincent, 1st Houston (Del.) 417; Alley v. Lawrence, 12 Gray 373; Bolls v. Dampmann, 69 Md. 390; Jennet v. Houser, 4 Cir. Ct. Oh. 353; Howard v. Thornton, 50 Mo. 292; Graham v. King, 50 Mo. 23; Bales v. Perry, 51 Mo. 452; St. Louis v. Priest, 88 Mo. 612; Chambers v. Tulane, 9 N. J. E. 155; Conkling v. Edgerton's Ex., 21 Wend. 432; Sugden on Powers, p. 266; Carr v. Atkinson, L. R. 14 Eq. 397; Hood v. Hayden, 82 Va. 588. (2) The donee of the power of appointment has not, by virtue thereof, any estate in the property, hence, a will which contains no reference to the power, but devises in general terms all the testator's property, can not be said to include the property which is the subject of the power, and is not an execution of the power. Hollister v. Shaw, 46 Conn. 248; Burleigh v. Clough, 52 N. H. 267; Mason v. Wheeler, 19 R. I. 21; Davis v. Vincent, 1 Houston 47; Bradstreet v. Kinsella, 76 Mo. 63; Harvard College v. Block, 171 Ill. 275; Mines v. Gambrill, 71 Mo. 30; Halsey v. Keen's Heirs, 4 N. C. 700; Meeker v. Breintnall, 38 N. J. E. 345. (3)

The power of sale and mortgage was given for the purpose of enabling the life tenant to protect herself against existing incumbrances upon the premises. The life estate with the superadded power of sale and appointment by will with the limitation of a base fee in remainder, is inconsistent with the idea that the life tenant had an absolute estate in the subject of the grant. She could not have exercised this power and appropriated the money to her own use. Such act would be giving her the estate entirely, which is inconsistent with the estate actually given, and would be a fraud upon the remaindermen. Garland v. Smith, 164 Mo. 1; Stocker v. Foster, 178 Mass. 591; Fleming v. Mills, 182 Ill. 464. (4) If the life tenant did not have power to appropriate the estate to herself, or give it away, by the exercise of the power of sale in her lifetime, she could not accomplish that same purpose by the power of appointment in her will, and therefore her direction to her executor to sell the property in controversy, for the purpose of paying her bequests under the first, seventh and eighth clauses of her will, which direct the payment of her debts and certain charitable bequests, is void. Garland v. Smith, 164 Mo. 1; Stocker v. Foster, 178 Mass. 591; Balls v. Dampmann, 69 Md. 390; Fleming v. Mills, 182 Ill. 464.

*Kehr & Tittmann* for respondents.

(1) The deed of Hughes and Marshall and the deed of Michael and wife vested in Mrs. Papin an equitable fee simple estate in the property thereby conveyed. The power to dispose of the fee by deed or will defeats the limitation over to Joseph L. Papin or his heirs. Green v. Sutton, 50 Mo. 186; Cornwell v. Orton, 126 Mo. 365; Cornwell v. Wulff, 148 Mo. 551; Roth v. Rauschenbusch, 173 Mo. 591; St. L. & B. Assn. v. Fueller, 182 Mo. 107. (2) At the date of the deeds, Mrs. Papin was a married woman. Upon the death of

her husband in 1872, the disability of coverture ceased. In 1897, the trustee, Peter M. Papin, died. The use being executed by the statute, Mrs. Papin became seized of the legal as well as of the equitable title to the property. Roberts v. Mosley, 51 Mo. 286; Pitts v. Sheriff, 108 Mo. 116. (3) There are no words in the deed expressly creating a life estate in Mrs. Papin. On the contrary, the conveyance is in fee to the trustee for the sole use of the beneficiary, who therefore takes an estate equal in duration to the legal estate. But if Mrs. Papin's estate should, by construction, be converted into a life estate only, then as she had power to dispose of the fee by deed or will, and has exercised that power, the limitation over was defeated. (4) Mrs. Papin's will was a complete and valid execution of the power. The power to appoint was general and unrestricted. Harker v. Reilly, 4 Del. Ch. 79; 22 Am. and Eng. Ency. Law (2 Ed.), 1116-33-34; Blagge v. Miles, 1 Story 446; Lee v. Simpson, 134 U. S. 590; Turner v. Timberlake, 53 Mo. 376; Pease v. Pilot Knob Iron Co., 49 Mo. 127; Campbell v. Johnson, 65 Mo. 440; Bullock v. Fladgate, 1 Vesey & Beames, 478; Kenworthy v. Bate, 6 Vesey, Jr., 798; Fowler v. Cohn, 21 Beaven 365; Mays v. Buch, 114 Tenn. 544; Lawrence Estate, 136 Pa. St. 354; Grace v. Perry, 197 Mo. 566; Stone v. Forbes, 189 Mass. 163; Taylor v. Allhusen, 74 L. J. C. Div. 350.

BURGESS, J.—This is a suit in ejectment by plaintiffs, claiming to be the heirs of Joseph L. Papin, deceased, against Hector A. Piednoir, Jr., and his two tenants, Lamb and McCowan, for the possession of a lot of ground, with improvements thereon, fronting forty-two feet and six inches on the south line of Pine street in the city of St. Louis, and known as Nos. 1214 and 1216 Pine street. A jury being waived, the cause was tried by the court, and resulted in a finding and judgment for the defendants.

Upon the trial, plaintiffs gave in evidence two deeds by which the property in controversy was conveyed to Peter M. Papin, as trustee for Mrs. Sophia A. Papin. At the date of the deeds, Mrs. Papin was the wife of Joseph L. Papin, after whose death she married Patrick Yore, whom she likewise survived. The earlier of the two deeds is dated the ninth day of June, 1858, and by it James M. Hughes and Thomas Marshall convey to Peter M. Papin, in trust for Mrs. Sophia A. Papin, a lot of ground fronting twenty-two feet and six inches on Pine street; and by deed dated the ninth day of September, 1859, Daniel C. Michael and wife convey to Peter M. Papin, in trust, for Mrs. Papin, the adjoining twenty feet on the east of the property conveyed by the former deed. The two deeds, which are in substantially the same form, convey the property in fee to Peter M. Papin, in trust, for the sole use, benefit and behoof of the said Sophia A. Papin (wife of said Joseph L. Papin), as follows:

First. To receive and collect the rents, and pay over the same to Mrs. Papin, upon her receipt alone, without any control or interference from her husband, or, at her option, to suffer her to use and occupy the property as she might see fit.

Second. To sell absolutely by deed in fee simple, or to encumber by deed of trust, mortgage or otherwise, the property, as Mrs. Papin might request and direct.

Third. "Upon the death of the said Sophia A. Papin, the said property (if the said Sophia A. Papin shall not have otherwise during her lifetime disposed of the same) shall be conveyed by said party of the second part to such person or persons as the said Sophia A. Papin may, by last will and testament direct, with such clauses, conditions and reservations as she may in such last will and testament require, and such last

will and testament in the disposal of said property (notwithstanding she may, at the time of her making and executing the same, be a married woman,) shall be full authority for said party of the second part to convey said property in the manner that she may direct in said last will and testament."

Fourth. "If the said Sophia A. Papin should not by last will and testament have directed the disposal of said property, the said party of the second part shall convey the same absolutely to the said Joseph L. Papin, if he be then living, and if he be dead, to the heirs of him, the said Joseph L. Papin."

Joseph L. Papin died in 1872. Peter M. Papin, the trustee, died in 1897. Mrs. Sophia A. Yore, formerly Papin, died on the twenty-third day of October, 1901, leaving a will which was duly admitted to probate in the probate court, city of St. Louis, on the twenty-sixth day of October, 1901. After making a number of special bequests, the testatrix disposed of the property in controversy by the 9th clause of her will, as follows:

Ninth. "I direct and empower my executor hereinafter named to take charge of my real estate situated in the city of St. Louis, Missouri, on Pine street, between Twelfth and Thirteenth streets, and to sell the same at public or private sale, for cash or part cash and part notes, payable not more than two years after the date of sale and which notes shall be secured by proper first lien on said real estate; the proceeds of such sale shall be used first for the fulfillment of the first, seventh and eighth clauses of this my will, provided that I do not leave sufficient personal property not herein specifically bequeathed to fully carry out the provisions of said three clauses, and the balance, whether in the form of cash or notes, to go and be paid to my brother, George Spencer Shaw, of Long Beach, Los Angeles county, California, absolutely. If my personal property, not hereinbefore specifically be-

queathed, is sufficient to carry out the provisions of said first, seventh and eighth clauses of this my will, then the entire proceeds of such sale shall go and be paid to my said brother, George Spencer Shaw.''

By the tenth clause of her will, the testatrix gave and devised all the rest and residue of her estate, real and personal, absolutely, to her said brother, George Spencer Shaw, and by the eleventh clause of the will she named William Richard Faribault as executor of the will, and he duly qualified as such.

On December 23, 1902, Mr. Faribault, as executor, conveyed the property referred to in the will to Richard Clark for eighteen thousand dollars, by an executor's deed, in which he recited the provisions of the will and the authority thereby conferred upon him to sell, taking back a deed of trust to secure a part of the purchase price.

George Spencer Shaw having died between the date of the execution of the will and the death of the testatrix, his two daughters and only heirs executed a quitclaim deed to Clark for the property. Clark afterwards, on February 9, 1903, conveyed the property, by warranty deed, to defendant Piednoir.

Mrs. Yore, the testatrix, had no real estate except the property on Pine street in controversy in this suit. The personal property in the hands of the executor was more than sufficient to satisfy all the demands against the estate and the bequests to charitable objects.

According to the evidence, Faribault, the executor, to whom the property in controversy was devised by Mrs. Yore, with directions to sell, had, for years before her death, been her agent in charge of said property, subject to her control only, and with full knowledge of the trustee, Peter M. Papin, who never received any of the rents, and who knew that Faribault was collecting and paying them directly to Mrs. Yore.

Upon the trial, the plaintiffs gave in evidence the

two deeds from Hughes and Marshall and from Michael and wife to Mr. Papin's trustee, as aforesaid; also offered evidence tending to show that they were heirs of Joseph L. Papin.

Plaintiffs asked the court to declare the law to be as follows:

"The court declares the law to be that under all of the testimony in this case it must find a verdict for the plaintiffs and against the defendants for the possession of the property described in the petition, together with whatever damages it may believe from the evidence the plaintiffs have sustained by reason of the unlawful withholding of the possession of the same from the plaintiffs from the twelfth day of February, 1903, to the present time."

"The court declares the law to be that under the evidence in this case it cannot find that Sophia L. Yore executed the power given her by the deeds from Daniel C. Michael and wife and James M. Hughes and Thomas Marshall to Peter M. Papin, shown in evidence in this case — by her last will and testament, and that under the testimony it must find that the defendants Thomas Lamb, R. B. McCowan and Hector A. Piednoir unlawfully withheld the possession of the said premises from the plaintiffs and the defendant Mary Faribault from the twelfth day of February, 1903, and that they have suffered damages by reason of such unlawful withholding of possession in whatever sum the court may find from the evidence is the value of the monthly rents and profits of the said premises from the date of such unlawful detention to the present time;" which requested declaration of law was refused by the court, and plaintiffs duly excepted.

The court gave the following declarations of law asked by the defendants:

"Under the evidence and the law in this case, the

205 Sup—34

plaintiffs are not, nor is either of them, entitled to recover."

"The will of Mrs. Sophia Yore, formerly Papin, given in evidence by the defendants, was a good and valid execution of the power vested in her by the deeds of Michael and wife and Hughes and Marshall, to appoint the real estate in question by her last will and testament."

It is claimed by the plaintiffs that Mrs. Sophia A. Yore could not delegate to her executor the execution of the power given to her, to sell the property and turn over the proceeds to her brother, George Spencer Shaw; that having a mere power to appoint the use of the property to a person or persons, her direction that the property be sold by her executor, and the proceeds used in a certain way, was not a valid execution of the power. It is, therefore, clear that the plaintiffs' case is predicated altogether upon the contention that Mrs. Yore's interest in the land was simply a life estate, with a power to appoint by deed in her lifetime, or by will at her death; hence, if her estate was a fee simple, the plaintiffs' case must fail, or if, assuming that she had only a life estate, she made a valid appointment by will, the same result must follow.

The deeds of Hughes and Marshall and of Michael and wife conveyed the property in fee to the trustee, Peter M. Papin, in trust for the sole use and benefit of Mrs. Papin, thereby vesting in her an equitable fee simple title to the land. She is named as the party of the third part in the deeds, and the trustee named in the deeds is directed to collect the rents and to pay over the net proceeds to her, upon her receipt alone, without any control or interference from her husband, or at her option, said trustee is to suffer her to use and occupy the property or to apply it to such use as she may see fit. She could control the use of the property as she wished, by written direction to the trustee.

She was vested with the power to dispose of the fee by deed, by mortgage or by will.

It has always been held by this court that the devise of real estate, with power of disposition over it, carries the fee (Rubey v. Barnett, 12 Mo. 3; Green v. Sutton, 50 Mo. 186; Cook v. Couch, 100 Mo. 29; Lewis v. Pitman, 101 Mo. 291), and that the limitation over is defeated. [Cornwell v. Orton, 126 Mo. 355; Cornwell v. Wulff, 148 Mo. 542; Roth v. Rauschenbusch, 173 Mo. 582; St. Louis Land & Bldg. Assn. v. Fueller, 182 Mo. 93.]

Roth v. Rauschenbusch, supra, was a suit by the "blood relatives" of Jacob Roth, deceased, to set aside the two deeds executed by Bridget Roth, his widow, one to the defendant August Rauschenbusch, dated August 3, 1876, and a subsequent deed to the defendant Huck, dated April 10, 1894, conveying certain real estate which belonged to said Jacob Roth at the time of his death. The rights of the parties litigant turned upon the construction of the will of said Roth, the second and third paragraphs of which are as follows:

"Second. I give, devise and bequeath to my beloved wife, Bridget Roth, formerly Bridget Hook, the whole of my estate, real, personal and mixed, absolutely and forever.

"Third. It is my will, however, that after the decease of my said wife, if any of my said property shall remain undisposed of by her, then such property, that is to say, such of the property herein bequeathed to her as may not have been disposed of by her at the time of her death, shall go and descend to and be divided among my blood relations, according to the rules of descents and distributions in the State of Missouri now in force."

GANTT, P. J., speaking for the court, said: "This record presents the ever-recurring difficulty of construing the language of a last will. The rules of con-

struction are so well defined and so frequently invoked that they need only be mentioned.    Indeed, in this State they are largely statutory.    Thus, section 4650, Revised Statutes 1899, requires that 'all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them.'    Obeying this behest, this court on many occasions has announced that 'the cardinal rule in the interpretation of a will is that the intention of the testator, as gathered from the whole instrument, shall control, and in arriving at such intention the relation of the testator to the beneficiaries named in the will, and the circumstances surrounding him at the time of its execution may be taken into consideration.' "

The absolute right of disposal of the land by deed in fee simple or otherwise, as Mrs. Papin might request and direct, could not be put in plainer or more unequivocal language than that of the second paragraphs of the deeds.    Her power of disposal is in no way restricted by any provision in the deeds, nor is there anything therein indicating an intention upon the part of the grantors to limit Mrs. Papin's estate to an estate for life.    The deeds passed the title in fee to the trustee for her, and she took just the same estate as he held under them; then, when the use was executed, she became seized of the entire title, legal and equitable; and there being no estate for life, there can be no limitation over.

It is contended by the plaintiffs that the donee of the power of appointment has not, by virtue of such power, any estate in the property, and that a will which contains no reference to the power, but devises in general terms all the testator's property, cannot be said to include the property which is the subject of the power, and is not an execution thereof.

In the case of Hollister v. Shaw, 46 Conn. 248, it

is held that to constitute an execution of a power of appointment by will, there must be a reference to the power itself, or to the subject of it, unless the intention is manifest from the fact that the will would remain without the aid of the power, or is so clearly demonstrated by words or. acts that the transaction is not fairly susceptible of any other interpretation. Practically the same rule is announced in Burleigh v. Clough, 52 N. H. 267. In Mason v. Wheeler, 19 R. I. 21, it is ruled that to give effect to an instrument as an execution of a power, the intention of the donee of. the power to execute it must be so apparent and clear that the instrument is not fairly susceptible of any other interpretation. In that case the will did not refer to the power, and made no reference specifically to the property which was subject to the power, while in the case at bar the will does not refer specifically to the property which was subject to the power.

In Haslin v. Kean, 4 N. C. 309, it is ruled that where a power is created by deed empowering a husband to appoint to whom the land shall be conveyed, and, in case of his death before his wife, empowering her to do it, there must be an actual appointment in the mode indicated, and not merely an intention in the husband, in order to defeat the wife's right of appointment. Accordingly, when a power requires, among other requisites, that the trustee should convey to such person as the husband should limit or appoint, and the husband executed an instrument of writing authorizing the trustee to convey to whom he pleases in his discretion, this is not an execution of the power, nor a destruction of that subsequently limited to the wife.

The deeds in this case provide that "upon the death of said Sophia A. Papin, the said property (if the said Sophia A. Papin shall not have otherwise during her lifetime disposed of the same) shall be conveyed by the said party of the second part to such person or

persons as the said Sophia A. Papin may by last will and testament direct, with such clauses, conditions and reservations as she may in such last will and testament require, and such last will and testament in the disposal of said property . . . shall be full authority for said party of the second part to convey said property in the manner that she may direct in said last will and testament." It will be noted it is only in case "the said Sophia A. Papin should not, by last will and testament, have directed the disposal of said property, that the trustee shall convey the same to the said Joseph L. Papin, if living, and to his heirs in case of his death.

If Mrs. Yore (Papin) had the power to dispose of the property under the deeds as she did do by her last will and testament, the contingency upon which the limitation over was to take effect never arose. That she had such power is not denied by plaintiffs, but they contend that it was not exercised as directed in the third paragraphs of the deeds, that is, that the will did not designate any person or persons to whom the property should be conveyed. That Mrs. Yore made no such specific direction in her last will and testament is indisputable, but, instead of so doing, she directed by her last will and testament that the property be sold and the proceeds distributed as indicated in her will. By the third paragraphs in the deeds the property is to be "conveyed to such person or persons as the said Sophia A. Papin may by last will and testament direct, with such clauses, conditions and reservations as she may, in such last will and testament require." That this is a broad power must be conceded, but it is made still broader by the further provision in the deeds to the effect that "such last will and testament, in the disposal of said property, . . . shall be full authority for the said party of the second part to convey said

property in the manner she may direct in such last will and testament.''

Plaintiffs admit in their brief that Mrs. Papin was the ''donee of a general power of appointment, and could exercise it in favor of whomsoever she pleased.''

By the ninth clause of her will the testatrix directs and empowers her executor to take charge of her real estate on Pine street, between Twelfth and Thirteenth streets, in St. Louis, and to sell the same at public or private sale for cash, or part cash, and part notes, payable not more than two years after the date of sale, and which notes shall be secured by proper first lien on said real estate, and to apply the proceeds, if necessary, to satisfy certain bequests of her will, and to pay the balance to her brother, George Spencer Shaw. This she directs to be done through her executor; but it is not left to him to decide whether he shall sell or not, and he acted in pursuance of the direction in the will. By the words ''my real estate'' on Pine street, in St. Louis, the testatrix, in her will, evidently referred to the property involved in this litigation, for she owned no other real estate.

Plaintiffs insist that instead of executing the power herself, Mrs. Papin delegated its execution to her executor. But it will be observed that she does not undertake to execute the power through her executor, but, on the contrary, merely directs him to sell the property and deliver the proceeds to her brother. As has been stated, the power of testamentary disposition given Mrs. Papin by the deeds is very broad, and was practically the same power of disposition that she had of any real estate she might have owned in her own right, and she was strictly executing the power when she directed the property to be sold by her executor and the proceeds, after paying certain debts, paid to her brother. The power to appoint estates in land author-

ized a direction for the sale of it and a distribution of the proceeds. "A power to dispose of property by will . . . includes *ex vi termini* any and all modes of disposal which a will is competent to make, except so far as the power of appointment by will is qualified or restricted in the instrument creating it." [Harker v. Reilly, 4 Del. Ch. l. c. 77 and 79.] "A general power of appointment may be exercised in favor of whomsoever donee pleases, even in favor of the donee himself, or for his benefit, or, where the donee is a married woman, in favor of her husband." [22 Am. and Eng. Ency. Law (2 Ed.), 1133-34.]

An execution of a power will be held to have been intended, "where there has been some reference in the will or other instrument to the power; or a reference to the property which is the subject on which it is to be executed; or where the provision in the will or other instrument executed by the donee of the power would otherwise be ineffectual or a mere nullity; in other words, it would have no operation except as an execution of the power." [Blagge v. Miles, 1 Story's U. S. Cir. Ct. Rep. 426; Lee v. Simpson, 134 U. S. 572; Turner v. Timberlake, 53 Mo. 371.]

The will of Mrs. Yore expressly referred to the subject-matter of the power, that is, the property on Pine street, in St. Louis; as she had no other real property, the will is meaningless unless its effect is to execute the power of appointment vested in her by said deeds. In Pease v. Pilot Knob Iron Co., 49 Mo. 124, it is held that the execution of a power is a matter of intention. In Campbell v. Johnson, 65 Mo. l. c. 440, the court said: "An intent apparent upon the face of the instrument to dispose of all the estate would be deemed a sufficient reference to the power to make the instrument operate as an execution of it inasmuch as the words of the instrument cannot otherwise be satisfied." And it has been held that a reference to the

property, as in the case in hand, which is the subject on which the power is to be executed, constituted a valid execution of the power. [22 Am. and Eng. Ency. Law (2 Ed.), 1116; Cooper, Admr., v. Haines, 70 Md. 282.]

Plaintiffs concede that if Mrs. Yore had devised the property to her brother, or to any other named person, then there could be no doubt that the title would have passed to her appointee; but contend that as she did not do that, but directed the property to be sold and the proceeds applied to the payment of legacies, if necessary, and the whole or balance of the proceeds to be paid to her brother, the power was not well executed, although Mrs. Yore left sufficient personal property to pay the legacies.

Our conclusion is that the power was well executed, upon the ground of an express reference by Mrs. Yore in her will to the property on which the power was to be executed, and upon the further ground that that provision of the will with reference to the power would have no operation except as an execution of the power.

Finding no reversible error in the record, the judgment is affirmed. All concur.