In Matter of Trust of Howald:   The Ohio National
Bank of Columbus, Trustee, Appellee, v.
Shawan, Exr., et al., Appellants.

(Decided January 4, 1940.)

*Mr. David S. Craig,* for The Ohio National Bank.

*Mr. James M. Butler, Mr. George L. Gugle* and *Mr. B. N. Murray,* for Flora Elsie Howald Shawan, Flora Howald Shawan Gugle, Robert Foster Shawan, Jr., and B. N. Murray, as guardian *ad litem* of David Howald Shawan.

*Mr. Fred B. Gugle,* for Robert F. Shawan, executor of Marie E. Howald.

*Mr. Claude J. Bartlett,* for guardians *ad litem,* of Elizabeth Ann Vermillion.

BARNES, J. The above-entitled cause is now being determined *de novo* by reason of an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Franklin county, Ohio.

The cause originated in the Probate Court of Franklin county, Ohio, on the application of The Ohio National Bank of Columbus, trustee, asking for construction of the wills of Frederick G. Howald, deceased, and Marie Elizabeth Howald, deceased, and for declaratory judgment and instructions to the trustee.

The particular portion of the wills sought to be construed related to the trust fund of approximately $50,000 created under the will of Frederick G. Howald, and involved the question of the disposition of this fund both under the will of the donor and under the will of Marie Elizabeth Howald. Further, instructions as to how the fund should be distributed are sought.

All persons having any possible interest in the fund

were made defendants and all, through their attorneys, have filed briefs.

The following summary of facts will render understandable the nature and scope of the issuable questions.

Frederick G. Howald died testate on January 29, 1931, and his will was admitted to probate in the Probate Court of Franklin county, Ohio. Item XIII of the will is pertinent to the present inquiry and omitting parts not bearing on the controversy reads as follows:

"Item XIII. I give and bequeath to the First Citizens Trust Company of Columbus, Ohio, to be held in trust and disposed of as hereinafter provided in this item, fifty thousand dollars' worth of securities taken at their market value as of the date of their delivery by my executors to the trustee, said securities to be selected by my executors from the following; my stock in the Pure Oil Company, my stock in the Columbian Building & Loan Company, and any certificates of deposit in the Columbian Building & Loan Company which I may have at my decease; and my stock in the First Citizens Trust Company of Columbus, Ohio; and if there should not be fifty thousand dollars' worth of such securities my executors shall pay said trustee an amount in cash sufficient to make up the difference."

The Ohio National Bank of Columbus is admittedly the successor trustee to the First Citizens Trust Company of Columbus, Ohio, named as trustee in the will.

Subdivision (a) which follows the above-quoted portion of item XIII need not be copied. Subdivisions (b), (c), (d) and (e) are as follows:

"(b) The net income of such trust fund shall be paid quarterly to my niece, Marie Elizabeth Howald, during the term of her natural life.

"(c) Said Marie Elizabeth Howald shall have the power to dispose of one-half of this trust fund by will and upon her death my trustee is directed to make

such disposition of said one-half of the trust fund as her will may provide.

"(d)  Upon the death of said Marie Elizabeth Howald, I give and bequeath one-half of said trust fund or the whole of it if she should die intestate, to the then surviving children of my niece, Flora Elsie Howald Shawan, share and share alike, division and distribution to be made as hereinafter provided in section (e); provided, however, that should any of said children be under the age of 25, this trust shall continue as to the share of such child until he or she reaches the age of 25, and be then distributed.  In such case the net income derived from said share shall be used for such child's interest and education and shall be paid at my trustee's discretion to the parents of such child, its guardian of the person or estate, or direct to the child.

"(e)  When any division and distribution of the trust estate becomes necessary under this item, my trustee may in its absolute discretion determine whether such distribution shall be in cash or in kind, and if in kind, what specific pieces of property may be set off to the distributee or distributees and shall make such conveyances and execute and deliver such instruments as are necessary."

Marie Elizabeth Howald, the person mentioned in the above item XIII of the will of Frederick G. Howald, died on October 18, 1937, leaving a last will and testament, which was duly probated in the Probate Court of Franklin county, Ohio, and at the time of her death she was survived by the following children designated as beneficiaries under subdivision (d), above quoted in full:  Flora Howald Shawan Gugle, age 25 years on March 8, 1937; Robert Foster Shawan, Jr., age 23 years on February 14, 1937; and David Howald Shawan, age 17 on March 3, 1937.  Robert Foster Shawan, Sr., is a duly appointed, qualified and acting executor of the will of Marie Elizabeth Howald.  The

only portions of the will of Marie Elizabeth Howald having any bearing on the questions involved are items I, III and V, which read as follows:

"Item I. I direct all my just debts and funeral expenses be paid out of my estate as soon as possible after the time of my decease."

"Item III. I give, devise and bequeath to Elizabeth Ann Vermillion, of 172 High street, Hastings-on-the-Hudson, New York, all my interest in the trust created under the will of Frederick G. Howald, of which The Ohio National Bank, Columbus, Ohio, is trustee. I direct that if said beneficiary is a minor at the time of my death that the court having jurisdiction appoint her parents, Willas Vermillion and Elizabeth W. Vermillion, or the survivor of them, as guardian, and this bequest is made on that condition, if they be living. This bequest is subject to all my debts."

"Item V. All the rest, residue and remainder of my property, real and personal of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to Elizabeth Ann Vermillion, my niece; Flora Howald Shawan Gugle, and my nephews, Robert Foster Shawan, Jr., and David Howald Shawan, or the issues of their bodies, share and share alike. If any of the beneficiaries herein named do not survive me or do not leave issue of their bodies, then I direct that their respective share be divided among the survivors. The interest of Elizabeth Ann Vermillion under this item is upon the same condition as to the appointment of a guardian as provided in item III hereof."

Under items II and IV substantial bequests were made to named legatees of designated property of decedent.

The trustee in its petition requests instructions from the court in the following particulars:

"1. As to what power and right, if any, was vested

or placed in Marie Elizabeth Howald by the will of Frederick G. Howald, relative to the disposition after her death of one-half of the said trust fund.

"2. If a power of appointment or disposition or any other right or powers was given the said Marie Elizabeth Howald by the will of Frederick G. Howald, whether or not she exercised it by the terms of her will or otherwise.

"3. As to what interest, if any, the defendant Elizabeth Ann Vermillion has in said trust fund.

"4. Whether or not any part of said trust fund is part of the estate of Marie Elizabeth Howald.

"5. Whether or not plaintiff should retain all of said trust fund or whether plaintiff should deliver one-half thereof to Robert Foster Shawan as the executor of the estate of Marie Elizabeth Howald.

"6. If plaintiff should retain said trust fund, whether or not it should pay the debts of Marie Elizabeth Howald and, if so, to what extent and under what conditions, if any.

"7. Whether or not said trust fund is subject to necessary expenses in administering it.

"8. As to whether the income, cash and accrued interest in said trust at the time of the death of Marie Elizabeth Howald should be paid or delivered to the estate of Marie Elizabeth Howald or should be retained by the plaintiff or otherwise disposed of.

"9. As to what part of said trust fund, if any, it should distribute to the defendants, Flora Howald Shawan Gugle, Robert Foster Shawan, Jr., and David Howald Shawan, and under what conditions, if any.

"10. As to what part of said trust fund, if any, it should retain for later distribution."

Another issue was presented by reason of a motion filed by counsel for one of the legatees, requesting that the trustee be required to segregate the securities and allocate a portion of them to each specific legatee.

This motion was overruled by the Probate Court and

its action was concurred in by the Court of Common Pleas.

Following the submission of the case, the Probate Court rendered a very able and comprehensive opinion, in which the several requests for instructions were taken up *seriatim* and answered, in each instance reasoning and authorities being set out. Following motion for new trial and overruling of same, the order and judgment of the Probate Court was duly journalized. The court's findings were as follows:

"1. The will of Frederick G. Howald created a power of appointment in Marie Elizabeth Howald to make disposition by will of one-half of the corpus and all of the income, cash and accrued interest of said trust to the time of her decease.

"2. Marie Elizabeth Howald, by item III of her will, exercised such power of appointment in favor of Elizabeth Ann Vermillion, and as hereinafter noted.

"3. The defendant, Elizabeth Ann Vermillion, is entitled to one-half of the corpus of said trust fund and to the accrued and unpaid income to October 18, 1937, subject to a payment of the portion of the debts of Marie Elizabeth Howald and a portion of the costs, fees and expenses of administration of this trust and of this action as hereinafter set forth.

"4. No part of said trust fund is a part of the estate of Marie Elizabeth Howald but passes under the will of Frederick G. Howald and should be distributed by plaintiff.

"5. The plaintiff shall retain all the said trust fund subject to the orders of the Probate Court herein and shall not deliver any of it to Robert Foster Shawan as executor of the estate of Marie Elizabeth Howald.

"6. Plaintiff shall pay remaining balance of the debts of Marie Elizabeth Howald only after her personal estate shall have been exhausted in paying said debts and expenses of administration of her estate. The court further finds that any part of the corpus of

the trust and income therefrom that passes to the creditors of Marie Elizabeth Howald and/or to Elizabeth Ann Vermillion is subject to the imposition of the state inheritance tax and plaintiff is directed to file a special application for the determination of that tax.

"7.   The whole trust fund is to bear the cost and expenses of its administration, including the cost and expense of this general action, to be paid, if possible, from income accruing after October 18, 1937, the balance, if any, to be paid from corpus.

"8.   The income cash and accrued interest in said trust existing at the time of the death of Marie Elizabeth Howald belongs to the defendant, Elizabeth Ann Vermillion, subject to said costs and said expense of administration and subject also to the balance of the debts of Marie Elizabeth Howald.

"9 and 10.   The one-half of said trust fund not subject to the power of appointment created in favor of Marie Elizabeth Howald by the will of Frederick G. Howald, is subject to a portion of the costs and expenses of administration, including the costs and expenses of this action, and to its own taxes, if any, and the remainder thereof should be delivered to the defendants, Flora Howald Shawan Gugle, Robert Foster Shawan, Jr., and David Howald Shawan, under the provisions of the will of Frederick G. Howald, which requires distribution to be made to the defendant, Flora Howald Shawan Gugle as soon as practical after it is determined what her share is, and the balance of said one-half to Robert Foster Shawan, Jr., and David Howald Shawan upon their attaining, respectively, the age of 25 years."

Following the final judgment in the Probate Court, requisite steps were taken through which the cause was duly appealed to the Court of Common Pleas, said appeal being on questions of law and fact.

By agreement the matter was submitted on the same record as taken in the Probate Court.

The Common Pleas Court reached the same conclusions as did the Probate Court and for the same reasons as expressed in the opinion of the Probate Court as to all questions propounded in the petition except for a brief supplementary statement on one point for purposes of clarification. Except for this short supplementary opinion, the court adopted the language and reasoning of the Probate Court.

On application for rehearing the Court of Common Pleas made more specific the determination as to costs, fees and expenses. This added matter appears in the journal entry under answers to trustee's question No. 7.

The first paragraph is identical with the judgment entry in the Probate Court under No. 7 except the word "whole" is inserted between the first word "the" and the second word "trust," and thereafter appears the following after the word "corpus":

"That the cost of this action, including the trustee's compensation if, and to the extent hereinafter allowed solely by reason of this action, and the fees of the trustee's attorney if, and to the extent hereinafter allowed, solely as compensation for services in this action, shall be paid by the plaintiff to be charged to the respective half portions of the trust in amounts to be determined by the Probate Court of Franklin county in accordance with the following directions:

"Costs and fees ascribed to questions 1, 2, 3, 4, 5, 6, and 8 propounded in the petition to be charged to that one-half of the said trust fund in respect of which the said Marie Elizabeth Howald had and exercised the power of appointment.

"Costs and fees ascribed to question 7 to be charged equally to each one-half of the fund.

"Costs and fees ascribed to questions 9 and 10 and costs and fees ascribed to motion of Flora Howald Shawan Gugle filed in Probate Court April 15, 1938, and motion of David Howald Shawan filed in Probate

Court April 16, 1938, shall be charged against that one-half of said trust fund as to which said Marie Elizabeth Howald had and exercised no power of appointment.''

The journal entry of the Common Pleas Court answering the ten questions propounded in the petition of the plaintiff's trustee was identical in substance to the journal entry of the Probate Court except as to the added portion under No. 7, above quoted in full, and some minor changes under other numbers inserted for purposes of clarity or to conform to the added portion of No. 7.

In most instances we find ourselves in accord with the reasoning and determination of both the Probate and Common Pleas Courts and hence have set out rather fully the questions propounded and the answers thereto as appears in the judgment entries, in the hope that this opinion may be shortened thereby.

In addition to the very able and comprehensive opinion of the trial court, we have been favored with very valuable briefs furnished by counsel representing the respective interests.

While the case presented to us is *de novo,* it is, by agreement, heard on the same record taken in the Probate Court, and we will make only slight reference to what we consider leading cases as supporting our conclusions, except in those instances where we find ourselves in disagreement with the Probate Court and the Court of Common Pleas. In those instances where we are in agreement with the lower courts we refer to their opinions and by reference make them a part of our conclusions.

Question No. 1 as propounded by plaintiff in his petition reads as follows:

''As to what power and right, if any, was vested or placed in Marie Elizabeth Howald by the will of Frederick G. Howald, relative to the disposition after her death of one-half of the said trust fund.''

Both courts determined that Frederick G. Howald in his last will and testament under item XIII, subsection (c), gave to Marie Elizabeth Howald an absolute testamentary power of appointment.

All counsel of record seem to agree with this conclusion, as does this court. The nature, character, and scope of the power of appointment are very clearly set out in Thompson on Wills (2 Ed.), 489, Section 400, which reads as follows:

"A power of appointment is a power of disposition given to a person over property not his own, by someone who directs the mode in which that power shall be exercised by a particular instrument. It is not an absolute property, nor an estate, but authority to appoint an estate; in other words, to indicate to whom the estate shall pass. The donee of the power may have a limited estate of his own in the property, such, for instance, as a life estate. In such case the power is distinct from the limited estate, and its exercise is necessary in order to dispose of the inheritance. A power to dispose of property by will may be given the donee by a direction in the donor's will that the property shall go to anyone whom the donee may by will direct."

In 32 Ohio Jurisprudence, 110, Section 2, will be found a pertinent discourse on this same subject. Under this section attention is called to the distinction between a power and a trust, which we will refer to later in this opinion.

The second question propounded is as follows:

"2. If a power of appointment or disposition or any other right or powers was given the said Marie Elizabeth Howald by the will of Frederick G. Howald, whether or not she exercised it by the terms of her will or otherwise."

Both lower courts determined that the power was exercised under item III of the will of Marie Elizabeth Howald, and with this conclusion we are in accord. The Probate Court, in support of its conclusion,

cites the case of *Kiplinger* v. *Armstrong,* 34 Ohio App., 348, 171 N. E., 245. This case follows the formula adopted by courts of last resort in many other jurisdictions.

Counsel for the Shawan heirs, who would take the estate in remainder if no testamentary appointment was made, very earnestly and, we might say, logically, question the correctness of the court's finding that the testamentary power of appointment was exercised.

Counsel do not question the quoted principle of law as controlling, but do urge that neither item III nor item V of the will of Marie Elizabeth Howald conforms to the formula. It is further urged by this same counsel that item V more nearly conforms but in the final analysis it is urged that neither item III nor V may be so construed.

In our judgment, item V does not exercise the power of appointment. If it might be properly said that the testator under item III was referring to the income only of the trust fund, then the power of appointment would not be exercised.

Considering item III together with the evidence as presented through the record as to the small amount of income remaining unpaid, the date of testator's will, the insolvency of her estate and other facts, we determine that the power of appointment was exercised.

Question three is as follows:

"3. As to what interest, if any, the defendant, Elizabeth Ann Vermillion has in said trust fund."

In view of the answers to questions No. 1 and No. 2, the answer to No. 3 is obvious.

Both courts below determined that Elizabeth Ann Vermillion took one-half of the corpus of the trust fund together with any accruing and unpaid income up to October 18, 1937, this being the date of the death of Marie Elizabeth Howald. Under this question reference was made in a general way to certain charges

against the corpus and the income, but we think the matter of costs and expenses may more appropriately be considered under a later item. However, we do agree with the courts' finding not only as to the property to which Elizabeth Ann Vermillion would be entitled but also that it would be charged with certain items of expenses and costs.

The fourth question is:

"4. Whether or not any part of said trust fund is part of the estate of Marie Elizabeth Howald."

Our answer to this question will arrive at the same general result as in the courts below, but under a different technique. The Probate Court in its opinion called attention to the fact that courts in various jurisdictions differ as to whether property appointed under a general power of appointment forms part of the estate of the donee for the payment of debts against such estate.

We find a wealth of authorities supporting the principle that under a general testamentary power of appointment the appointee takes the property subject to the payment of the debts of the person exercising the power of appointment. This equitable principle is evolved on the theory that the donee of the power would have the right to provide for the payment of debts against his estate and that justice requires that such obligations be recognized prior to the rights of the appointee under the power.

In 32 Ohio Jurisprudence, 121, Section 21, we find the following:

"It appears to be a well-settled principle in equity that where a person has a general power of appointment over property, and actually exercises it, whether by deed or will, the property appointed shall form part of his assets, and be subject to the claims of his creditors, in preference to the claim of the appointee. While this rule may, at first sight, seem unwarranted, its justice becomes clear when considered with the fact

that it applies only where the power is not so limited that the appointment cannot inure to the benefit of the donee, and as against volunteers, and not as against *bona fide* purchasers. Nor will the rule be applied, unless the donee has no other property out of which his debts may be paid.''

The above quotation is taken almost verbatim from 21 Ruling Case Law, 785, Section 15. Notes referred to in the text cite numerous authorities supporting the text.

It is our determination that the text above quoted from Ohio Jurisprudence is not supported by the decisions of the Supreme Court of Ohio. We refer first to the case of *Donley's Administrators* v. *Shields,* 14 Ohio, 359. This case was decided in 1846. The statement of the case discloses that a general testamentary power of appointment was given and exercised. The third paragraph of the syllabus reads as follows:

''Where land is bequeathed by a husband to his wife, to use during life, with power to devise the same on her death to whom she pleases, and the wife devises the same, her devisee takes the estate disincumbered by her debts.''

Counsel opposing the application of this cited case urge that the final determination turns upon other principles. It is quite true that the court did state alternative determinations, but it is our conclusion that the principle announced in the quoted portion of the syllabus was involved and determinative.

In 1898 the Supreme Court of Ohio again had under consideration this question and in a memorandum opinion found in *Meehan* v. *Burr, Trustee,* 58 Ohio St., 689, 51 N. E., 1099, reversed the judgment of the Circuit Court of Franklin county on the authority of *Donley's Administrators* v. *Shields, supra.* We have examined the file of this case in the county clerk's office in an effort to ascertain the question at issue. We find the Common Pleas Court determined that the appointed

property was not subject to the payment of debts of the appointing authority. The Circuit Court reversed the judgment of the Common Pleas Court and the Supreme Court reversed the judgment of the Circuit Court. We find, therefore, that as late as 1898 the Supreme Court of Ohio was still committed to the principle announced in *Donley's Administrators* v. *Shields, supra.*

The facts in the instant case are to be distinguished from the reported cases in that Marie Elizabeth Howald in item III of her will, after exercising the power of appointment, expressly provided: "This bequest is subject to all my debts."

It is our determination that Miss Howald had the legal right to make such a provision. The great weight of authority so holds. 69 Corpus Juris, 842, Section 1948, states as follows:

"Under a general and unrestricted power of appointment, the donee may appoint to himself, or his creditors, or his executors, or for his own benefit, or may direct that the property be made part of the assets of his estate, and subjected to the payment of his debts."

The same language in substance will be found in 49 Corpus Juris, 1261, Section 39.

Notes under the text in both cited volumes of Corpus Juris refer to numerous cases throughout the United States in support of the principle. We find no case where the question was properly before the court holding that the donee of an absolute power of appointment may not subject the appointed property to the payment of his debts. In the case of *Balls* v. *Dampman, Exr.,* 69 Md., 390, 16 A., 16, the court, by way of dictum, does make the statement that the appointee had no power to bind the appointed property for the payment of her debts. However, the statement of this principle was not necessary for the determination of the case, and therefore cannot be accepted as a precedent.

2 Perry on Trusts and Trustees, 861, Section 511*a*, has been cited.

The language used is very broad, and standing alone would indicate that it denies the principle that the donee of a general power may charge the appointed property with the payment of his or her debts. However, the textwriter was discussing the question of trusts. We can readily see that the rule would be different. In 32 Ohio Jurisprudence, 110, Section 2, we find the following in the text:

"The distinction between a power and a trust is marked and obvious. Powers are never imperative; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative and are obligatory on the conscience of the person entrusted."

It is our conclusion that the plaintiff trustee instead of paying directly the debts of Marie Elizabeth Howald should pay to the executor an amount sufficient to comply with this provision of the will. We arrive at this conclusion by reason of the very general provision of this part of Miss Howald's will, which merely says that the appointed property shall be subject to the payment of all her debts. No creditors are specifically named, neither does the will state that payments should be made through her executor. In our judgment the orderly method for the payment of debts would be through the executor. Under the law he is entrusted with all administrative powers and duties. It therefore follows that so much of the appointed property as is required for the payment of debts will be paid by the plaintiff trustee to the executor and thereafter it becomes a part of her estate.

In arriving at this conclusion, we have examined several cases cited by counsel for the executor of Marie Elizabeth Howald which we think are supporting. In *United States* v. *Field,* 255 U. S., 257, 65 L. Ed., 617, 41 S. Ct., 256, we find the following:

"Where the donee dies indebted, having executed the power in favor of volunteers, the appointed property is treated as equitable, not legal, assets of his estate; and (in the absence of statute), if it passes to the executor at all, it does so not by virtue of his office but as a matter of convenience and because he represents the rights of creditors."

There is also the case of *Jackson* v. *Franklin,* 179 Ga., 840, 177 S. E., 731, where the court speaks as follows:

"While the executrix had no right, on the record now before us, to recover the lands as general assets of the estate of Warren Morrow, we think that the course indicated in *United States* v. *Field, supra,* should be adopted. The executrix should recover the land and administer it, so far as may be necessary for the payment of the creditors; this 'as a matter of convenience, and because she represents the rights of creditors, and not generally by virtue of her office.' "

See, also, *Northern Trust Co.* v. *Porter,* 368 Ill., 256, 13 N. E. (2d), 487, in which appears the following:

"Since Mrs. Porter's individual estate is very small, the McWilliams fund would have to be retained as part of the donee's estate in order to satisfy creditors, who take in preference to appointees or takers in default after a defective appointment."

We also have examined the following pertinent cases, from which we do not quote: *In re McCord's Estate,* 276 Pa., 459, 120 A., 413; *State Street Trust Co.* v. *Kissell* (Mass.), 19 N. E. (2d), 25, 121 A. L. R., 796; 32 Ohio Jurisprudence, 121, Section 21.

We note that counsel in their briefs and also the Probate Court in its opinion discussed the question as to what shall be included in the term "debts" as used in item III of the will of Marie Elizabeth Howald. It is our conclusion that the term "debts" as used should include everything properly chargeable against the estate of Miss Howald. The term should embrace not

only the debts existing before her death, but should include costs of administration and all other charges authorized and usually included in a fiduciary's settlement.

We also note in the Probate Court judge's opinion that reference is made to a possible claim of inheritance tax against Miss Howald. We think that the Probate Court was correct in its determination on this question.

Of course, no other part of the appointed property will be part of her estate.

Another question that may be properly determined at this time is whether Miss Howald's personal estate should first be exhausted in the payment of her debts before calling on the plaintiff trustee for contribution out of the appointed property for payment of the remainder. Both lower courts subscribed to the doctrine that the personal estate of Miss Howald should be first exhausted in the payment of her debts before calling for contribution. We are in accord with this determination.

In the first item of Miss Howald's will, she provided in substance that all her just debts and funeral expenses should be paid out of her estate. We are referred to decisions holding that such a provision in a will is merely formal, incorporated through custom, and lends no aid in the construction of other portions of the will. There is much logic in this reasoning supported as it is by reported cases. However, in view of the Ohio rule, as announced in *Donley's Administrators* v. *Shields, supra,* in effect that in the absence of testamentary direction for payment of the debts of the holder of the power, such debts will not constitute an obligation against the appointed property, we are of the opinion that item I of Miss Howald's will should be given effect. It therefore follows that, as heretofore stated, her personal estate must first be exhausted

before the appointed property may be called upon to make contributions.

The fifth question is as follows:

"5. Whether or not plaintiff should retain all of said trust fund or whether plaintiff should deliver one-half thereof to Robert Foster Shawan as the executor of the estate of Marie Elizabeth Howald."

This question has been fully answered under No. 4.

Question six is: "6. If plaintiff should retain said trust fund, whether or not it should pay the debts of Marie Elizabeth Howald and, if so, to what extent and under what conditions, if any."

This question is also fully answered under No. 4.

The seventh question is: "7. Whether or not said trust fund is subject to necessary expenses in administering it."

This question is very general and it is our view that we could do no more than give a general answer and that is, yes. The opinion of the Probate Court supplemented by the opinion of the Common Pleas Court, also the journal entries relative thereto, and the briefs of counsel, present this question in more detail. In our judgment the pleadings and the bill of exceptions do not furnish us with sufficient data through which any satisfactory detailed answer could be given. Both courts, while splitting the question up, in the last analysis leave the matter to the final determination of the Probate Court. The journal entry in the Probate Court is subject to objection but this is set aside through the appeal to the Common Pleas Court and later on the appeal to our court.

Sitting as a court of equity, we would have the right, if practical, to call for additional evidence through which we might make a detailed determination. We do not think that this would be practical at this time. We therefore exercise the right which a court of equity has in referring this matter back for determination by the Probate Court when there is presented to it sufficient data upon which to rest a determination.

Question number eight reads: "8. As to whether the income, cash and accrued interest in said trust at the time of the death of Marie Elizabeth Howald should be paid or delivered to the estate of Marie Elizabeth Howald or should be retained by the plaintiff or otherwise disposed of."

Under the provisions of the will of Frederick G. Howald, the net income of the $50,000 trust fund was to be paid to Marie Elizabeth Howald quarterly during the term of her natural life. As we understand, this direction of the will was complied with except as to the accumulated income arising after the payment of the last quarter and up to the date of the death of Miss Howald. Upon her death this accumulated and undisposed amount, in the absence of a will, would become the property of her estate. Under the will this undisposed income, as well as the corpus in the property subject to appointment, was given to Elizabeth Ann Vermillion. However, being an asset of Miss Howald's estate and being needed for the payment of her debts, it should be paid to her executor less any costs, fees, or expenses that may be properly adjudicated against it as being due the plaintiff trustee.

The ninth question is as follows: "9. As to what part of said trust fund, if any, it should distribute to the defendants, Flora Howald Shawan Gugle, Robert Foster Shawan, Jr., and David Howald Shawan, and under what conditions, if any."

The will of Frederick G. Howald, item XIII, subdivision (d) and subdivision (e), very fully and clearly determines the amount, time and manner of distribution, and very little, if anything, need be added to the directions under the will. Of course, costs and expenses of administration should first be deducted before making distribution. At the time of the hearing, one of the three Shawan children was past the age of 25 years and, therefore, was entitled to receive her share of the estate. Since the hearing, a second child has become 25 years of age and thereby he is entitled

to his distributive share. The third child, David Howald Shawan, will not arrive at 25 years of age until March 3, 1945, and therefore the one-third eventually coming to him will be retained in the trust.

The plaintiff trustee should as expeditiously as possible make distribution of the trust estate. Much detail will have to be worked out under the supervision and orders of the Probate Court.

We are unable to predict whether any effort will be made to lodge the case in the Supreme Court. If so, it may or may not delay the distribution, depending on the parties appealing and the questions raised. If this controversy is taken to the Supreme Court it will be in the nature of an error proceeding and may or may not involve the interest coming to the Shawan children.

Our answer to this inquiry necessarily must be general on account of the above observations.

Question ten reads: "10. As to what part of said trust fund, if any, it should retain for later distribution."

It is doubtful if anything is necessary to be added to what has already been said. We again repeat the general observation that distribution should be made as expeditiously as possible. What may arise to delay distribution we cannot at this time predict.

Motion of counsel for the Shawan children for segregation of one-half of the fund is overruled.

This application becomes no longer important, since the final hearing *de novo* has been determined and direction made that distribution be hastily brought about.

Costs in this court will be adjudged against the appellants, the Shawan children.

Entry may be prepared in accordance with this opinion.

*Decree accordingly.*

HORNBECK, P. J., and GEIGER, J., concur.