[Civ. No. 16872.   First Dist., Div. Two.   June 25, 1956.]

Estate of PAUL MASSON, Deceased. LUDWIG A. EMGE et al., as Executors, etc., Appellants, v. WELLS FARGO BANK AND UNION TRUST COMPANY (a Corporation) et al., Respondents.

Joseph A. Brown for Appellants.

Rea, Frasse & Anastasi and Irvin A. Frasse for Respondents.

DOOLING, J.—This appeal is taken by the executors of the last will and testament of Adele Masson, deceased, from an order and decree of the Superior Court of Santa Clara County settling the eighth and final account of certain trustees and instructing those trustees.

Respondents, Wells Fargo Bank and Union Trust Company and S. L. Weston, are the trustees of a testamentary

trust created by the terms of the last will and testament of Paul Masson, deceased, father of Adele Masson, deceased.

The fourth clause of Paul Masson's will provided that the residue of his estate should be held by the respondents in trust. Respondents as trustees were directed to pay to Paul Masson's daughter, Adele Masson, the sum of $500 per month out of the net income of the trust. It was further provided in this clause:

"(b) This trust shall cease and terminate upon the death of my daughter, ADELE MASSON, who shall have the power of disposing of the corpus of this Trust after her death by her Last Will and Testament and upon her death the corpus shall vest as designated by her in her said Will."

Paul Masson died October 22, 1940, domiciled in Santa Clara County where his will was admitted to probate.

Adele Masson, deceased, by her holographic will dated November 22, 1952, together with certain codicils thereto, exercised the power of appointment given to her by her father. In paragraph five of her will she provided:

"My father's estate, now in charge of Wells Fargo Bank, I bequeath to whichever American society, which, in the discretion of my executors, does best research into the diseases of old age (geriatrics)."

On February 20, 1954, a codicil was added to the will to the effect that:

"Codicil: Instead of bequeathing my father's entire estate to research in geriatrics, according to the original behest, I wish to abstract ten thousand dollars therefrom in order (1) to pay . . ." certain specified amounts to named beneficiaries.

Respondents-trustees filed in the Superior Court of Santa Clara County their final account and petition for instruction. They alleged that they had been advised by their counsel that they should distribute the remainder of the corpus of the trust in their hands directly to the persons and institutions mentioned in the will and codicils of Adele Masson but that the appellants, executors of the will of Adele Masson, deceased, insisted and demanded that the "corpus of said trust, or at least the sum of Forty-eight Thousand Two Hundred and Six Dollars ($48,206.00) thereof, be paid to said executors for the purpose of paying debts of said estate, executors fees, back income taxes, back and current state income taxes, and the compromise of a disputed

512

claim; . . ." Respondents further alleged that they were in doubt as to the proper distribution to be made of the corpus of the trust and asked for the direction of the court with reference to this matter.

The court made its order providing that the trust corpus was not subject to the claims of the donee's creditors and that the trust corpus should not be delivered to the executors of the will of Adele Masson but should be paid directly by the trustees to the persons and in the amounts as provided in the will of Adele Masson, the residue to be distributed as designated by the executors of said will, such designation to be first confirmed and approved by the court probating Adele Masson's will.

We may take it as the general rule that where property is placed in trust for the life of a beneficiary and the beneficiary is the donee of a power of appointment to dispose of the corpus by will, the persons appointed by the donee take directly from the trustees and not through the estate of the donee of the power. (*Estate of Baird,* 120 Cal.App.2d 219, 227-229 [260 P.2d 1052] ; *Estate of Baird,* 135 Cal.App.2d 343, 345 [287 P.2d 732].) The court in this case so determined.

However, the donee of a general, i. e., unrestricted, power of appointment such as that contained in the will of Paul Masson may appoint the property to her estate to be therein administered and distributed by her executors in the manner designated in her will. (*Garfield* v. *State Street Trust Co.,* 320 Mass. 646 [70 N.E.2d 705, 711, 169 A.L.R. 719] ; *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615 [75 N.E.2d 3] ; *In re Camp's Estate,* 64 N.Y.S.2d 755; *Pennsylvania Co. For Insurance On Lives* v. *Kelly,* 134 N.J.Eq. 120 [34 A.2d 538, 545] ; *Morgan* v. *Commissioner of Int. Rev.,* 309 U. S. 78, 81 [60 S.Ct. 424, 84 L.Ed. 585] ; 72 C.J.S., Powers, § 24b(1), p. 415.)

By paragraph five of her will Adele Masson "bequeathed" this property "to whichever American society, which, *in the discretion of my executors,* does best research into the diseases of old age (geriatrics)." The question is presented whether she thus intended to appoint the property to her estate to be therein administered and distributed by her executors in the exercise of the discretion conferred upon them, or whether she intended as found by the probate court to confer on them the mere naked power of appointment to a member of the designated class. It seems to us to be the more reasonable construction of this provision that she intended the

property to become a part of her estate to be therein dealt with by her executors in the manner provided. She conferred the discretion not upon individuals by name but upon her executors, as executors, i. e. upon those whose duty it was to administer the estate disposed of by her will. It is the reasonable conclusion that in exercising the discretion conferred upon them she intended them to exercise it as executors and not as individuals.

This conclusion makes it unnecessary to consider other questions presented. The trust property when made a part of her estate will be liable only for such portion of the debts of her estate as cannot be paid from her personal estate. (*In re Howald's Trust*, 65 Ohio App. 191 [29 N.E.2d 575, 583].)

Since we have determined that Adele Masson appointed the trust property to her estate, to be therein administered and distributed, it is the duty of the trustees to deliver the property to her executors.

The order is reversed with directions to the court to enter an order in conformity with this opinion.

Nourse, P. J., and Kaufman, J., concurred.