EMERY & a. v. HAVEN & a.

An expression of fear by a testator that a trust fund over which he
possessed the power of testamentary disposition would pass by his
will, and his act in causing the legatees named therein to execute and
deliver to him an agreement providing that the fund should not pass,
and acknowledging that such was his intent, are not competent evidence
upon the question of the testator's intention as expressed in a subse-
quent will containing substantially the same provisions as the first one.
A testator's power to dispose of a remainder expectant upon his life
estate is executed by his devise of property described in his will as
"all the rest, residue, and remainder of my estate and property of
every description," if there is nothing in the will tending to show a
different intention.

BILL IN EQUITY, by trustees, praying for direction in the exe-
cution of their trust. Facts agreed. Alfred W. Haven conveyed
certain property to the plaintiffs upon the following among other
trusts : If his wife, Margaret, should survive him, "the trustees
. . . shall pay to her, during her life, one third part of the net
rent, income, and profits of the said trust fund, and on her death
shall convey and distribute one third share of the capital of said
trust fund, as the said Margaret shall by her last will or by any
instrument in the nature of a will, attested by two credible wit-
nesses, direct or appoint, and in default of such testamentary
provision, shall convey and distribute the same to her heirs at
law absolutely." Margaret survived Alfred, and died testate
March 4, 1891, leaving two sons and two daughters. Her last
will, dated June 16, 1886, contained the following residuary
clause: "All the rest, residue, and remainder of my estate and
property of every description I give, devise, and bequeath to my
two daughters, Katherine M. Haven and Ellen B. Haven, in
equal shares, and to the survivor of them, and to the heirs and
assigns of said survivor in fee simple." She had property aside
from her interest in the trust fund.

She had made a prior will, dated January 13, 1886, containing
substantially the same provisions. The sons, claiming that the
power was not executed by the last will, offered to prove that a
few days after making the first will the testatrix expressed a fear
that her share of the trust fund would pass by the residuary
clause to her daughters, and induced them to make an agreement
under seal, dated January 27, 1886, as follows: "We the under-
signed, residuary legatees under the will of Margaret H. Haven
dated January 13, 1886, do hereby acknowledge that the intent
of the said Margaret in disposing of the residue of her estate as
therein mentioned was not to include her share in the capital of
the trust fund created by Alfred W. Haven, our father, now

deceased, by his deed dated January 9, 1862, but that said share should go to said Margaret's heirs-at-law, and that said will was not an execution of the power contained in said deed to dispose of said share; and we hereby severally release any and all claim we may severally have under said will to said share of said trust fund to the respective heirs-at-law, and we severally agree to make no claim upon said Margaret's estate for said share of said capital under said residuary clause in her will and to claim only our respective rights therein as heirs-at-law. And we do further severally agree to make and execute any and all papers, receipts, ·releases, or other documents that may be necessary or proper or which may hereafter become necessary in order to effectuate the intention of said Margaret not to dispose of said share by her will." The agreement was delivered to the testatrix, who had control of it until her decease.

The daughters claim that the power was executed by the residuary clause of Margaret's last will.

*Samuel W. Emery*, for the trustees.

*Charles E. Batchelder*, for the sons.

*John S. H. Frink*, for the daughters.

CHASE, J. It was held in *Kimball* v. *Bible Society*, 65 N. H. 139, that "a testator's power to dispose of a remainder expectant upon his life estate is executed by his devise of property described in his will as 'my estate,' when it appears from competent evidence that he used those words as a description of all the property he had power to dispose of." In the appointor's will there was no mention of the power, nor of the property to which it related, and he had other property upon which the will operated. The ancient common-law rule on the subject (*Colt* v. *Bishop of Litchfield and Coventry*, Hob. 140, 159, 160, *Denn* v. *Roake*, 5 B. & C. 720) was not followed, although it had been recognized in· *Bell* v. *Twilight*, 22 N. H. 500, 517, and adopted in *Burleigh* v. *Clough*, 52 N. H. 267. A rule of interpretation that defeats more often than it effectuates the intention of the appointor (see citations of counsel, 65 N. H. 144) is not now enforced in this state. The law looks to the competent evidence bearing upon the question for the ascertainment of intention, rather than to arbitrary rules of construction. *Edgerly* v. *Barker*, 66 N. H. 434, 447, and authorities cited. The question for consideration therefore is, What intention in respect to the execution of her power does the competent evidence show that the testatrix expressed by the residuary clause of her will?

Before considering the question, it is necessary to determine whether the testimony offered by the sons is to be taken into

account. If the testatrix had declared in positive and unmistakable terms, orally or in writing, that she did not intend to execute the power by the residuary clause of her first will, the declaration could not be considered in the interpretation of either will. *Utley* v. *Titcomb*, 63 N. H. 129; *Hoitt* v. *Hoitt*, 63 N. H. 475. Her expression of fear that her will would be misconstrued on this point, and her act in inducing the daughters to make the agreement of January 27, 1886, are equally incompetent.

The testatrix had all the fruits of the trust property so long as she lived, and at her decease it was to descend to her heirs unless she disposed of it by will. She had as complete and absolute testamentary power over the property as she had over any property that she owned. Such use, power, and provision in respect to descent would impress one unfamiliar with the technical rules of law as amounting to practical ownership. The phrase "all the rest, residue, and remainder of my estate and property of every description" would be understood by such a person to include property so held. There is nothing in the language of the will tending to show that the testatrix did not intend to execute the power, except the absence of terms specifically referring to the power or to the property to which it related. The probability that she regarded the phrase "my estate and property of every description" as descriptive of all property which she could dispose of by will, accounts for the absence of more specific terms. The fact that she owned other property upon which the will operated does not conflict with this view. She intended to dispose of all property (not disposed of by previous provisions of the will) over which she had the power of disposition, whether by reason of ownership or by reason of authority from the owner, and used language sufficiently broad to indicate such intention.

Similar reasons have led the court of Massachusetts to adopt the rule that a general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention. *Cumston* v. *Bartlett*, 149 Mass. 243, and authorities cited; *Hassam* v. *Hazen*, 156 Mass. 93. The same rule has been established by statute in England and in New York. 1 Vict., *c.* 26, *s.* 27; 4 R. S. of N. Y. 2450, *s.* 126; *Hutton* v. *Benkard*, 92 N. Y. 295; *Mott* v. *Ackerman*, 92 N. Y. 539; *New York Life Insurance & Trust Company* v. *Livingston*, 133 N. Y. 125. The common-law rule has been reluctantly followed in Connecticut by a divided court. *Hollister* v. *Shaw*, 46 Conn. 248.

The daughters are entitled to the third of the trust fund over which the testatrix possessed the power.

*Case discharged.*

Doe, C. J., did not sit: the others concurred.