MARY SMITH, Guardian of Catherine Donahue and John Donahue, Minors, v. HENRY HAAS and CATHERINE HAAS, Appellants.

**Actions:** FORM. The mere form of an action is not always controlling and where no objection thereto is made and proper notice has been given a party is entitled to any remedy which the court may award in any form of action.

**Same:** GUARDIAN AND WARD: CUSTODY OF WARD: REMOVAL OF GUARDIAN. Where it is contended that the guardian of a minor is an unfit person to have the care and custody of his ward, the better procedure is to seek an order in probate for the removal

of the guardian and substitution of some other person; but where the allegations and relief asked in an ordinary action at law for the custody of the minor are sufficient and the proof justifies it, the court may make some new provision for the custody of the minor, at least temporarily.

*Appeal from Allamakee District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, DECEMBER 12, 1906.

ACTION brought by plaintiff, as guardian, for an order directing the defendants, who have actual custody of the minor wards, to surrender said wards to the plaintiff as guardian. The defendants allege that they are the uncle and aunt of the wards, and have had their custody and care since the death of their father, and are willing and able to provide for their support and education. Defendants also allege that the plaintiff, who was appointed guardian of these wards on the death of their father, is an unfit person to have their custody, and is unable to furnish them a home. The defendants ask by way of prayer in their answer that plaintiff be removed as guardian, and that letters of guardianship be issued to the defendant Catherine Haas, who is the aunt, and one J. E. Donahue, who is the uncle of said wards; and pray for such other and further orders in the premises as may be equitable and proper. Plaintiff's demurrer to defendants' answer having been sustained, defendants appeal.— *Reversed.*

*Stilwell & Stilwell,* for appellants.

*D. J. Murphy,* for appellee.

MCCLAIN, C. J.—This action is described by counsel for plaintiff as a proceeding by *habeas corpus* to secure the custody of the wards as against defendants, in whose custody they are now found. But we think that the action cannot

thus be properly described. None of the allegations of the petition indicate that it is a petition for a

1. Actions: form. writ of *habeas corpus,* but it is difficult to assign any particular character to the action as brought. It appears to be an ordinary action at law, in which the relief asked is not the recovery of damages, but the awarding to plaintiff of the custody of minors. It is needless to say that no such form of procedure is provided for in our Code of Practice. Undoubtedly the plaintiff, as guardian duly appointed, might have asked an order of the probate court for the custody of these wards detained by the defendants from her, and such order could have been granted, the defendants being brought into court by proper notice. And this we think is the real character of this action. As forms of action are not controlling in this State, and as a party who has brought his adversary into court is entitled to any remedy which the court can award in any form of action, if the defendant makes no objection to the form of the procedure (see Code, section 3432), we shall determine this appeal on the theory that, if plaintiff is entitled to the custody of these wards under the allegations of the petition and answer, her demurrer to defendants' answer was rightly sustained.

In general the guardian is entitled to the custody of the person of the ward. *Jenkins v. Clark,* 71 Iowa, 552. Indeed it is expressly provided in Code, section 3193, that the court may appoint a guardian for a minor

2. Same: guardian and ward: custody of wards: removal of guardian. " who shall have the same power and control over his ward as the parents would have if living." But the right of the parent to the custody of his child is not an absolute right. The court will take into account the welfare of the child. *McDonald, v. Stitt,* 118 Iowa, 199; *Hadley v. Forrest,* 112 Iowa, 125; *In re Lally,* 85 Iowa, 49. And we cannot see that the rights of the guardian in this respect are higher than those of the parents. It is true that, after a court has appointed a guardian, it is not competent in an

independent proceeding by *habeas corpus* to review such appointment, " nor to inquire whether he should be in any manner relieved of the duties and rights of a guardian, and whether the custody of the child should be given to another more capable or better fitted to receive it." *Burger v. Frakes,* 67 Iowa, 460, 470. But we think that, even as between the guardian duly appointed, and another person who has had the custody of the child, the court may interfere in the interests of the child, at least to the extent of making some other temporary disposition of his custody than that which would result from the appointment of the guardian. *Jenkins v. Clark,* 71 Iowa, 552; *In re Welch,* 74 N. Y. 299; *People ex rel. v. Walts,* 122 N. Y. 238 (25 N. E. 266); *Ward v. Roper,* 26 Tenn. 111; Woerner, Guardianship, 74, 158; Tiffany, Persons & Domestic Relations 308; Rodgers, Domestic Relations, 537.

If the allegations of the defendants in their answer are true, and their truth is admitted by the demurrer, then the court should have made some provision for the custody of the wards, at least temporarily, by the defendants, and shall not have ordered their immediate surrender into the custody of plaintiff; and the finding of facts by the court in such an inquiry as was suggested by the allegations of defendants' answer would have been sustained by this court on appeal if reasonably supported by the evidence. But it seems to us that a more satisfactory solution of the question which the parties sought to present to the trial court would have been reached by a proceeding for the removal of the plaintiff as guardian, and the substitution of some other person; and we think also that the pleadings would have justified the trial court in granting such relief, had the evidence been found on a hearing to be such as to make it proper. The defendants specifically asked that plaintiff be removed, and her letters of guardianship revoked, and that J. E. Donahue, an uncle of the wards, and the defendant Catherine Haas, their aunt, be appointed such guardians. It was further alleged that

the parties named were competent persons to raise and educate said wards, and their bond was tendered as a guaranty that they would take upon themselves such support and education.   By Code, section 3198, it is provided that guardians may be removed by the court at any time for cause shown, upon notice duly given, and it is said that in a proceeding for such removal technical nicety of pleading is not required.  *Crawford v. Crawford,* 91 Iowa, 744.   And see, Woerner, Guardianship, 113; Tiffany, Persons & Domestic Relations, 349.

If, as above indicated, this is in effect a proceeding in the probate court for the purpose of carrying out the appointment of plaintiff as guardian and making effectual the issuance of letters of guardianship, then there is no apparent reason why the defendants in this proceeding should not ask the removal of the plaintiff as guardian and the substitution of proper persons.   In any view of the case, we think the demurrer to the defendant's answer should not have been sustained, but that the court should have proceeded to hear the evidence, and make some determination as to the proper custody of the wards, either temporary or permanent, as the best interests of such wards should seem to require.

The order of the lower court sustaining the plaintiff's demurrer to defendant's answer is therefore *reversed.*