KIPLINGER *v.* ARMSTRONG ET AL.

(Decided February 19, 1930.)

*Messrs. Slabaugh, Seiberling, Huber & Guinther,* for plaintiff and defendants Olive I. Armstrong, Chester A. Irish, Harry A. Irish, Miles J. Irish, and Eva May Conley.

*Messrs. Myers & Dinsmore,* for defendants Gerald Kiplinger and the heirs of Flossie Lehman.

*Messrs. Musser, Kimber & Huffman,* for defendant Stella J. Kiplinger Taylor.

PARDEE, J.  In a suit in partition started in the court of common pleas, and which is now in this court upon appeal, the following questions are presented, to-wit:

(1)  Did one Louisa A. Kiplinger, who died on September 19, 1917, give to her husband, Allen Kip-

linger, who was then alive, but is now deceased, an estate for life or in fee simple in her real property by the provisions of her will, hereinafter quoted?

(2) If by said will Allen Kiplinger was given a life estate, did said Louisa A. Kiplinger also give him the power to dispose of her real estate at his death by his will?

(3) If said Allen Kiplinger did have such testamentary power, did he exercise it by the terms of his will, hereinafter quoted, and make a disposition of the real property left by Louisa A. Kiplinger?

The part of Louisa A. Kiplinger's will to which reference is herein made, is the following:

"Second: I give, devise and bequeath to my husband, Allen Kiplinger, all my property both personal and real during his life to do with as he sees fit. At his death it shall be divided as follows: First my grand children, Flossie Lehman and Gerald Kiplinger, shall receive Two Hundred and Fifty Dollars ($250.00) each to be deducted from their father's, George Kiplinger's share. Otherwise all property to be equally divided between the three children, or their heirs as follows: Minnie Irish (deceased), George Kiplinger and Harman Kiplinger, after a suitable monument has been erected. The above division of property may be changed later if it may be seen fit by my husband, Allen Kiplinger, any time before his death."

That part of Allen Kiplinger's will hereinbefore referred to is the following, to-wit:

"Second: I give, devise and bequeath to my great grandson Delmar Marland Lehman, $100.00; and the balance of my estate to be divided as follows: One-third to be equally divided among the children of

my (deceased) daughter Minnie Irish; one-third to my son Harman Kiplinger; and the remaining one-third to be equally divided between my two grand children, Gerald Kiplinger and Flossie Lehman.

"In the event of the death of either or both of the said Gerald Kiplinger or Flossie Lehman, their respective share or shares shall pass to and become the property of my great grandson, Delmar Marland Lehman."

George Kiplinger, a son of both of said decedents and mentioned in the will of Louisa A. Kiplinger, died testate on January 12, 1922, and by his said will he gave all of his property to his then widow, now known as Stella J. Taylor, and did not give anything by his will to his two children by a former marriage, Gerald Kiplinger and Flossie Lehman, and the controversy in this suit is between said Stella J. Taylor and the children of said George Kiplinger, deceased, by his former wife.

At the time of her death, Louisa A. Kiplinger owned real estate, which has remained intact and which at the time of the death of Allen Kiplinger was valued at approximately $9,000; and said Allen Kiplinger, deceased, left at his death personal property in an amount sufficient to pay all of the claims against his estate and several hundred dollars to be distributed under the terms of his will.

As to the first question:

We are unanimously of the opinion that by the will of Louisa A. Kiplinger, the said Allen Kiplinger took a life estate, with the remainder therein belonging to George Kiplinger and Harman Kiplinger and the children of said daughter, Minnie Irish, deceased, subject to the proper exercise of the power

therein conferred upon the said Allen Kiplinger. *Tax Commission of Ohio* v. *Oswald, Exrx.,* 109 Ohio St., 36, 141 S. E., 678.

As to the second question: We are further unanimously of the opinion that the said Allen Kiplinger did have the power, under said will of Louisa A. Kiplinger, to make a division of the estate left by her, as stated in her said will, and that the same might be done by the making of a will in accordance with the laws of this state. See *McRoberts* v. *Barnard,* 18 C. C. (N. S.), 225, 32 C. D., 697, and *Burbank* v. *Sweeney,* 161 Mass., 490, 37 N. E., 669.

The important question, therefore, remains: Did he exercise the testamentary power given to him by the will of his deceased wife, Louisa A. Kiplinger?

We are unanimously of the opinion that he did not.

It is well settled that the answer to the question whether a provision in a will is in execution of a power, depends upon the intention of the donee of the power at the time of the making of his will.

According to the rule announced in the early cases in many states, such intention to execute the power had to be apparent and clear, and so that the transaction was not fairly susceptible of any other interpretation; and if, under all the circumstances, it was doubtful, the doubt prevented it from being deemed an execution of the power. In Massachusetts, the rule obtains that such intention will be presumed unless a contrary intention is apparent.

The strict rule that the power will not be deemed to have been executed unless an intention to execute it is clearly apparent, has been modified by statute in several states, but not in Ohio, where the strict rule has been set forth with apparent approval

in two Supreme Court opinions: *Bishop* v. *Remple,* 11 Ohio St., 277, at page 281, and *Arthur* v. *Odd Fellows,* 29 Ohio St., 557, at page 561.

From our examination of the books, we believe it may be accurately stated that an intention to execute a testamentary power is shown when specific reference is made in the will to such power; when the will disposes of the subject-matter of the power; or when the provisions of the will will not have any operation except as an execution of the power.

The modern tendency seems to be to relax the rule requiring the intention to execute the power to be clearly established, and to hold that if, from the tenor and effect of the will, construed in the light of the circumstances surrounding the testator at the time of the execution of the power, it can be fairly determined from all the competent evidence available that it was the intention of the testator to execute the power, such intention will be given effect. But where the testator has other property, so that the provisions in the will would be effectual without the exercise of the power, and there is no reference in the will either to the power or to the subject-matter of the power, it is generally held that it has not been shown that there was an intention to execute the power.

As we view the record in this case, unless we apply the rule that an intention to execute the power will be presumed, there is no evidence that the testator, Allen Kiplinger, intended to execute said power.

The power given was not to change beneficiaries but to change the division of the property among specific beneficiaries, and by his will Allen Kiplinger

made a specific bequest to a grandson who was not one of the beneficiaries specified, and that specific bequest was for only $100, the remainder of his estate being given to others; and independent of the power he had a sufficient estate to make his will effectual. The subject of the power was real estate, and that was not referred to in his will, neither was there any reference made to the power; and we do not find any circumstances shown in the evidence which indicate an intention to exercise the power.

"While those cases are not decisive of this one, the reasoning upon which they rest is equally applicable, viz., where nothing appears to show an intent to execute a power the court cannot infer an intent to do so.  *  *  *

"The opportunity to make law is alluring, but it tempts beyond the judicial path. As our province is to declare law, rather than to make it, we deem it our duty to adhere to the rule which is commended to us by reason and precedent, until, as elsewhere, it shall be changed by legislative authority. If such a rule be the wiser one, the legislature can enact it; but, outside of a statute, it is hard to see upon what ground a court can decree an intention to execute a power, when in fact no such intention is in any way evinced." *Cotting* v. *De Sartiges,* 17 R. I., 668, 24 A., 530, 531, 16 L. R. A., 367.

The alleged statements or declarations made by Allen Kiplinger, even if they could be said to indicate an intention to exercise the power, were clearly incompetent, and have not been considered by us.

We think the better rule is that an intention to execute a power will not be presumed. We there-

fore hold, upon the evidence, that Allen Kiplinger did not execute said power.

A decree may be drawn in accordance with the foregoing opinion.

*Decree accordingly.*

FUNK, P. J., and WASHBURN, J., concur.