The bill is for the construction of the will and codicil of Mary T. Morrell. The inquiry presented is whether by the provisions of her will testatrix intended to execute the power of testamentary appointment which she enjoyed touching certain property held in trust under the will of her father, Richard H. Morrell. *Page 189 
Nowhere in the will or codicil does testatrix make specific reference to the power, but the will contains a residuary gift in which the language used is: "The balance of my estate." It is accordingly urged that the gifts contained in her will and codicil were intended by testatrix to embrace not only her individual property, but also the property held by trustees under her father's will, and was therefore an execution by her of her power of testamentary disposition conferred by her father's will over the trust property.
It is settled in this state that a testamentary gift of "my estate," unaided by extrinsic circumstances adequate to clearly disclose an intent to embrace in the gift an estate over which testatrix had only a power of testamentary disposition, will not be operative to execute the power. Farnum v. Pennsylvania Co.,87 N.J. Eq. 180; affirmed, Ibid. 652. Recognizing this, it is urged that the circumstance that the aggregate gifts contained in this will exceeded in amount the total value of the estate of testatrix adequately discloses an intent on her part to embrace the estate over which the testamentary power existed. Paul v.Paul, 99 N.J. Eq. 498, is cited in support of that claim.Paul v. Paul bears no analogy to the present case in that respect. In that case testatrix had practically nothing of her own to give, and the estate over which she enjoyed the power of testamentary disposition was a large estate and in amount about the aggregate amount of her testamentary gifts; it was in that case held to be impossible to conceive an intent on the part of testatrix to have the large legacies paid from her own insignificant estate. In the present case no such condition exists; it is doubtful whether the gifts exceed the value of the individual estate of testatrix valued as of the time the will was made; if her estate is now found to be inadequate to pay her legacies in full, the deficiency will be found to be small when compared with the aggregate amount of her gifts.
The testimony introduced touching the conversations between testatrix and the man who drew her will must be deemed incompetent under the views declared in Mayer v. Tucker,102 N.J. Eq. 524; the expression "my estate" is *Page 190 
not regarded as in itself creating a latent ambiguity. In the circumstances of this case these words must be deemed to have been intended to mean what they import, and cannot be extended to include the property over which testatrix enjoyed only the power of testamentary appointment.