In re Will of Henry T. Proestler.

No. 44760.

JANUARY 9, 1940.

E. A. Baldwin, Young & Williams, and Bollinger & Donegan, for appellants.

John A. Hornby and Chamberlin & Chamberlin, for appellee.

J. C. Hall, for trustee under will.

HALE, J.—While this appeal is only from the order of the district court of Scott county refusing a rehearing on its former order of transfer to equity and directing that the cause should remain in equity, yet it is necessary that there be set out the proceedings prior to such order, which was dated September 28, 1938.

Henry T. Proestler died testate in 1919, leaving a widow but no children. The first twelve items of his will, providing for payment of debts and legacies, are not in controversy. Item 13 provides:

"All the rest, residue and remainder of the property, real, personal or mixed, of which I die seized or possessed, or to which I may be entitled, I give, devise and bequeath to Matilda B. Proestler and William Heuer in trust for the following uses and purposes: I direct that the net income from this trust fund shall be paid to my wife, Matilda B. Proestler, during her lifetime. I direct that my wife, Matilda B. Proestler, shall have the right to dispose by will of Twenty Thousand ($20,000.00) Dollars of said trust fund. All the rest, residue and remainder of said trust fund, after the death of my wife, Matilda B. Proestler, I give, devise and bequeath as follows:"

Here follow certain legacies.

Then follows:

"To my sister, Mary Rogers, and William Heuer the sum of Five Thousand ($5000.00) Dollars in trust for the following uses and purposes:

"I direct that the net income from this fund shall be used to provide hospital care, treatment and nursing at Mercy Hospital in Davenport, Iowa, for such persons as said trustees may designate, giving preference, so far as practicable, to the beneficiaries under my will.

"All the rest, residue and remainder I give, devise and bequeath to my sister, Mary Rogers, and William Heuer in trust for the following uses and purposes:

"I direct said trustees to pay the net income from said trust fund in equal shares to my nieces, Mary Proestler and Margaret Rogers. When my niece Mary Proestler becomes thirty years of age, I direct that one-half of said trust fund shall be turned over to her and become her absolute property. When my niece Margaret Rogers becomes thirty years of age, I direct that the remaining one-half of said trust fund shall be turned over to her and become her absolute property. I exonerate the trustees named herein, Mary Rogers and William Heuer, from giving bond as such trustees."

Items 14 to 18 inclusive provide for exoneration from bond, power to change character of trust property, that provisions of will are in lieu of dower; appoint wife and William Heuer executors without bond, and provide for payment of legacies in full without deductions for taxes.

The widow, Matilda B. Proestler, and William Heuer qualified as executors and trustees on September 11, 1919. On January 11, 1921, they filed their final report as executors, and on January 22, 1921, the court entered an order approving the report and discharging them as executors. Beginning January 16, 1921, and up to February 11, 1935, Matilda B. Proestler and William Heuer, as trustees, filed fourteen successive reports, all of which were approved. William Heuer died May 13, 1935, and Paul A. Tornquist was appointed his successor, to act jointly with Matilda B. Proestler. Matilda B. Proestler died October 26, 1935, testate, and Werner H. Grabbe, named as executor of her estate, qualified. Her will is as follows:

Item I provides for payment of debts.

"II. All the rest, residue and remainder of my Estate of whatever kind and wherever situated, I will, devise and bequeath to my nephew, WERNER H. GRABBE, with the request, however, that the income derived therefrom be used for the benefit during the lifetime of my sister, CHRISTIANE HENSEN.

"III. I nominate, constitute and appoint my said nephew, WERNER H. GRABBE, Executor of this, my Last Will and Testament, and exempt him from giving any bond, and I hereby grant and delegate to him as Executor full power and authority to sell and convey, mortgage or otherwise encumber, any real estate or personal property, should he deem it advisable, and to do any and all things as freely and fully as I, myself, might do, were I living, without the necessity of first obtaining an Order of Court."

The will was dated February 13, 1933.

Paul A. Tornquist, a successor trustee, on March 28, 1937, filed an application, setting out copies of both wills; stating that the debts of the Henry T. Proestler estate were paid; that Matilda B. Proestler had died; that he had on hand $5,000 which should be distributed; that he was unable to determine whether or not Matilda B. Proestler, by her will, did dispose of the $20,000; and asking direction of the court. Thereafter Mary Proestler Brown, as trustee and in her own right, and the First National Bank of Omaha, as administrator-with-will-annexed and as ancillary administrator of Margaret Rogers Busch, deceased, filed a petition of intervention, alleging that Mary Proestler Brown and Margaret Rogers Busch were the beneficiaries under Henry T. Proestler's will, that Matilda did not dispose of the $20,000 by will, and that they were entitled to the residue of the Henry T. Proestler estate remaining after certain specific legacies were paid. Other petitions of the same general character were filed by St. Vincent's Home and Davenport Lend-a-Hand Club, claiming as legatees under item 13 of the will.

On June 25, 1937, Werner H. Grabbe, as executor and sole residuary legatee under the will of Matilda B. Proestler, filed petition of intervention alleging that his devisee had accepted the terms of Henry's will in lieu of dower, and had acted as trustee of said will as long as she lived; setting out item 2 of her will, and claiming that he was entitled to have the $20,000

turned over to him; and, by amendment, that since the approval of the final report in Henry T. Proestler's estate the corpus of the estate had been administered wholly as an estate.

This was the situation on August 8, 1937, with the first interveners, denominated in the briefs "the six interveners," and the intervener Grabbe, claiming the $20,000. On that day intervener Grabbe filed a motion "to transfer this cause, the application of the trustees under the will of Henry T. Proestler, deceased, all petitions of intervention, and all matters pending before this court on said application of the trustee to the equity side of the docket." On hearing this motion was sustained on January 13, 1938. It appears that to this ruling no exceptions were taken. On September 10, 1938, a motion by the six interveners was filed asking "that the court correct said prior order (of January 13, 1938) and its ruling to transfer to equity, and pray to cancel and expunge said order of transfer, all for the purpose of having the issue herein ordered tried in probate in the proper forum as in such cases provided under the law of this court." Resistance to this motion was filed by the intervener Grabbe, and on September 28, 1938, an order was entered denying and overruling such motion to transfer, and finding that such cause should remain in equity.

From this order of the court the six interveners appeal.

This appeal does not involve the question as to whether or not the will of Matilda B. Proestler, by its residuary clause, disposed of the $20,000 authorized by the will of Henry T. Proestler to be so bequeathed; but is only as to the alleged error of the court in transferring to equity, and more particularly retaining therein the application of Paul A. Tornquist for instructions, filed March 28, 1937, with the petitions of intervention. None of the parties makes any complaint that either the order of transfer on January 13, 1938, or the order of September 28, 1938, overruling the motion of six interveners, is not appealable. See Price v. Aetna Insurance Company, 80 Iowa 408, 45 N. W. 1053.

The question for our decision is the correctness of the September order. The grounds of appellants' objection to this order are: First, that all matters connected with the wills of Henry T. Proestler and Matilda B. Proestler were exclusively of probate jurisdiction; second, that Grabbe, neither in his

petition of intervention nor motion to transfer, set up any grounds which could constitute a basis for equity jurisdiction; and, third, that equity did not acquire jurisdiction by the order of January 13, 1938, and the court could and should have corrected such order at any time before final distribution in the Henry T. Proestler estate.

I. As to appellant's first proposition, appellee Grabbe asserts that all matters pertaining to the will of Henry T. Proestler had been disposed of except the trust in paragraph 13; that matters involving trusts belong in equity, the jurisdiction of the probate court having ceased upon the closing of the estate on January 22, 1921, and there is nothing pending therein. The cases cited by appellants in support of their first proposition all refer to cases wherein proceedings were pending in the probate court. Such was the case in the recent case of First Methodist Episcopal Church v. Hull, 225 Iowa 306, 280 N. W. 531, and in the more recent case of Anderson v. Meier, 227 Iowa 38, 287 N. W. 250. It is urged by appellee, and denied by appellants, that the estate in the present proceedings is still pending, the theory of appellee being that the order approving the final report and discharging the executors, entered on January 22, 1921, disposed of the estate and that such estate is not now pending.

We need not, however, consider this question, nor the question of whether or not the grounds of equity jurisdiction were set up either in Grabbe's petition of intervention or his motion to transfer to equity, nor in his resistance to petition for rehearing. As heretofore indicated, the application for transfer was submitted to the court on August 4, 1937, when the motion of intervener Grabbe was filed. This motion was sustained on January 13, 1938, after a hearing before the court and no exceptions were taken to the order sustaining the motion. We think the only question necessary for our consideration is whether or not the action of the court in January, not excepted to, not appealed from, should be reviewed and set aside.

Practically 8 months intervened between the time of the entry of the order of transfer and the filing of any objections thereto. Appellants urge that the court in January had made no final order, that the January order was interlocutory, made in probate, and that at any time the probate court could review,

modify, or vacate its order. In support of their views, appellants cited Cowins v. Tool, 36 Iowa 82; Metcalf v. Baldwin, 143 Iowa 310, 120 N. W. 104; In re Estate of Lackie, 185 Iowa 1101, 171 N. W. 679; In re Estate of McAllister, 191 Iowa 906, 911, 913, 183 N. W. 596. There is no question, as stated in the McAllister case, that the court, sitting in probate, can review its prior findings at later stages of the administration of the estate, to give effect to the intention of the testator, or to carry out strictly the terms of the will. But in the case at bar there is no reason to think that the issues could not be determined by the court sitting as a court of equity, the same as it could if acting in probate, nor that prejudice resulted from the first order. See State v. Craig, 58 Iowa 238, 12 N. W. 301; and McCormick H. M. Co. v. Markert, 107 Iowa 340, 78 N. W. 33. The question seems to be more a question of forum than a jurisdictional one.

"The objection that a party is seeking a legal remedy under the form of an action in equity or is demanding equitable relief upon a claim which is properly cognizable in an action at law does not go to the jurisdiction of the court, nor does it afford good ground for demurrer to the pleading. Since in our practice the same court exercises both legal and equitable functions, a party stating facts constituting a good cause of action, but making a mistake as to the kind of relief sought, is not required to go through the useless form of a dismissal in order to get upon the right side of the calendar." Reiger v. Turley, 151 Iowa 491, 497, 131 N. W. 866. The case goes on to state that the error can only be corrected by motion. The failure to do so is a waiver of the objection.

In Smith v. Haas, 132 Iowa 493, 495, 109 N. W. 1075, 1076, the court, in a proceeding where the form of action was assailed, states:

"As forms of action are not controlling in this State, and as a party who has brought his adversary into court is entitled to any remedy which the court can award in any form of action, if the defendant makes no objection to the form of the procedure (see Code, section 3432) [now section 10944, 1935 Code] we shall determine this appeal on the theory that, if plaintiff is entitled to the custody of these wards under the allegations of

the petition and answer, her demurrer to defendants' answer was rightly sustained.''

In the recent case of Patterson v. Bingham, 222 Iowa 107, 113, 268 N. W. 30, 34, the court states: ''The fact that the action was brought in equity does not necessarily preclude the court from granting the relief that might be granted in a law action, where no request is made to transfer to the law docket, and no such request was made in this case.'' This case cites sections 10944, 10945, 10946 and 10949 of the Code, and a large number of Iowa cases. See cases cited.

This had been the universal holding of the court in cases where no request for transfer was made. In the present case such objection to the forum was made at the time of the January hearing. Both parties appeared to the motion to transfer. The matter was thoroughly argued and briefs submitted, and determined by the court. As heretofore stated, no exception was preserved, and assuming that the court was wrong as to the forum, there is no showing in the record and no reason, so far as we can see, why the rights of the parties cannot be as adequately determined as if the matter were labeled probate. The same parties are before the court. The same question is involved. The record does not disclose that any other matter has intervened which would require any change in the order. As indicated, and as has been the holding in all the cases in this state heretofore so far as we have been able to discover, the matter is not jurisdictional, and the decree rendered would be as valid and binding in one proceeding as in another.

If we should hold that after the lapse of 8 months, the whole question of the correctness of the order of transfer might be reviewed in a case where no exception was taken at the time, there would be no reason why on an adverse ruling of the court that the application for review might not be renewed many times. In the interest of prompt and orderly procedure, it is proper to hold the January order, under the circumstances of this case, to be binding; that the parties should be held to the trial of their cause in the forum determined by that order; and that their objections thereto in the form of an application for review or a request for the cancellation of the former order were properly denied. We are not disposed to interfere with

the ruling of the district court, and it is therefore affirmed.— Affirmed.

HAMILTON, C. J., and SAGER, MITCHELL, MILLER, BLISS, OLIVER, STIGER, and RICHARDS, JJ., concur.