IN RE WILLS OF HENRY T. PROESTLER AND MATHILDE B. PROESTLER.

WERNER H. GRABBE, Appellant, v. ST. VINCENT'S HOME et al., Appellees.

No. 46070.

OCTOBER 27, 1942.

John A. Hornby and Chamberlin & Chamberlin, all of Davenport, for appellant.

Young & Williams, of Omaha, Nebraska, Louis Shulman, of Iowa City, Bollinger & Donegan, and J. C. Hall, all of Davenport, for appellees.

MILLER, J.—This is the second appeal to this court herein. For our decision on the first appeal, see In re Will of Proestler, 227 Iowa 895, 289 N. W. 436. The general background of this litigation is there set forth in considerable detail. To present the question now before us, it is necessary to repeat some of the facts therein set forth. Briefly, the facts material to this appeal are as follows:

Henry T. Proestler died July 4, 1919, leaving his widow, Mathilde B. Proestler, but no children, surviving him. His will was admitted to probate September 11, 1919. It provided for the payment of his debts and funeral expenses, made a number of bequests, following which, item 13 of the will provided as follows:

"All the rest, residue and remainder of the property, real, personal or mixed, of which I die seized or possessed, or to which I may be entitled, I give, devise and bequeath to Matilda B. Proestler and William Heuer in trust for the following uses and purposes: I direct that the net income from this trust fund shall be paid to my wife, Matilda B. Proestler, during her lifetime. I direct that my wife, Matilda B. Proestler, shall have the right to dispose by will of Twenty Thousand ($20,-

000.00) Dollars of said trust fund. All the rest, residue and remainder of said trust fund, after the death of my wife, Matilda B. Proestler, I give, devise and bequeath as follows:'' (following are set forth a number of bequests for the disposition of said trust fund.)

On September 15, 1919, the widow filed an election to take under the will and, with William Heuer, qualified as executor. The executors' final report was approved and the executors were discharged January 22, 1921. The trustees named in the will carried out the provisions of the trust. On October 26, 1935, the widow died testate. Her will was admitted to probate and provides as follows:

"I, Mathilde B. Proestler, of Davenport, Scott County, Iowa, being of sound and disposing mind and memory, do hereby make, publish and declare the following as and for my Last Will and Testament, hereby revoking all former Wills.

"I. It is my will that all my just debts be first paid out of my Estate.

"II. All the rest, residue and remainder of my Estate of whatever kind and wherever situated, I will, devise and bequeath to my nephew, Werner H. Grabbe, with the request, however, that the income derived therefrom be used for the benefit, during her lifetime, of my sister, Christiane Hensen.

"III. I nominate, constitute and appoint my said Nephew, Werner H. Grabbe, Executor of this my Last Will and Testament, and exempt him from giving any bond, and I hereby grant and delegate to him as Executor full power and authority to sell and convey, mortgage or otherwise encumber, any real or personal property, should he deem it advisable, and to do any and all things as freely and fully as I myself might do, were I living, without the necessity of first obtaining an Order of Court.

"In Testimony Whereof, I have hereunto set my hand at Davenport, Iowa, this 13th day of February, A. D. 1933.

(Signed) Mathilde B. Proestler''.

On March 28, 1937, Paul A. Tornquist, trustee under the will of Henry T. Proestler, appointed to succeed William

Heuer, deceased, made application for instructions as to the distribution of certain funds in the trust estate, asserting among other things as follows:

"That this Trustee is unable to determine whether or not the said Mathilda B. Proestler by her will did dispose of Twenty Thousand ($20,000.00) Dollars of said trust fund. Consequently, this Trustee is unable to determine how the money should be distributed which he has on hand ready for distribution."

Various petitions of intervention were filed. One of the interveners, Werner H. Grabbe, the sole legatee under the will of Mathilde B. Proestler, asserted, "that said Mathilde B. Proestler intended by the terms of her said Will to devise and bequeath the said Twenty Thousand ($20,000.00) Dollars to this Intervenor and that by the terms of her said Will the said Twenty Thousand ($20,000.00) Dollars was so devised and bequeathed to him." Grabbe also moved to transfer the cause to equity. This motion was sustained and thereafter an appeal was taken to this court, resulting in the decision heretofore referred to. In re Will of Proestler, 227 Iowa 895, 289 N. W. 436. We there held that the order transferring the cause to equity was not resisted in time and remanded the cause for trial.

Pursuant to the foregoing, the trial has now been had, in the course of which oral testimony was offered for the purpose of showing that Mathilde B. Proestler intended by the terms of her will to devise and bequeath to Werner H. Grabbe the $20,000 referred to in her husband's will. Timely objection was interposed to the competency of such testimony. At the close of the trial, the court made the following findings:

"That there is no ambiguity in the will of Mathilde B. Proestler; nor a word nor an expression of doubtful or uncertain meaning; and hence no evidence is necessary or admissible, to clear up any doubt, or to show any surrounding facts or circumstances, or to explain or make more certain any of the wording contained in her said will.

"That the power of appointment, the right of disposal of $20,000.00 of the trust fund given to her under the provisions

of the will of Henry T. Proestler, deceased, is not, and was not exercised by the will of Mathilde B. Proestler, and there is nothing in the language of her will to show that she intended to exercise it.''

Pursuant to the foregoing, the decree determined, ''that Paul A. Tornquist, Trustee under the Will of Henry T. Proestler, deceased, be and is hereby ordered and directed, as to all the moneys now on hand in said trust and all that may hereafter be on hand and ready for distribution, to distribute the same in strict accord with the terms and provisions of the will of said Henry T. Proestler, deceased, exactly in the manner the same should and would be distributed if there had been no provision in said will giving the widow of said testator the power of disposal of $20,000.00 of said trust estate.'' The intervener, Werner H. Grabbe, has appealed to this court.

I. Appellant's first proposition is that the court erred in holding that oral testimony was not admissible as a basis for the interpretation of Mrs. Proestler's will. Quite a number of authorities, particularly decisions of this court, are cited by both sides. It would seem to be unnecessary for us to review such authorities as the question appears to be foreclosed by the recent decisions of this court in reference to exactly the same kind of a will. In re Estate of Schroeder, 228 Iowa 1198, 293 N. W. 492; Anderson v. Meier, 227 Iowa 38, 287 N. W. 250. The will that was there considered by us is set forth in full at pages 1204 and 1205 of 228 Iowa, page 495 of 293 N. W. In passing upon such will, we state, in Anderson v. Meier, 227 Iowa 38, 41, 287 N. W. 250, 251, as follows:

''The wording of Dr. Schroeder's will admits of but one meaning, and is expressed in such terms as to be clear and certain to any person. It is short, providing first for payment of debts and funeral expenses; second, devising and bequeathing to his wife all his estate; and third, appointing her executrix. It may be said also that his wife's will is plain and unambiguous. Such wills need no aid from the courts in construing their provisions, and this may be called the universal rule.''

The foregoing language is quoted with approval and followed in the later decision wherein we held that, since Dr.

Schroeder's will was in no way ambiguous, oral testimony was not admissible for the purpose of establishing how the will should be construed or interpreted. The decision of the trial court herein is strictly in accord with the pronouncements there made by this court. The oral testimony offered herein was properly rejected. There is no merit in appellant's first proposition.

II. Appellant's second proposition asserts that Mrs. Proestler's will should be interpreted to the effect that the residuary bequest to appellant constituted an execution of the power to dispose of the $20,000 referred to in her husband's will. We find no merit in this contention.

Both parties concede, and our investigation confirms the fact, that there is no Iowa statute upon the precise question here presented for our decision. Such being the case, it is our duty to "recognize and enforce the rules and principles of the common law," unless "the principle sought to be applied is unsuitable to our own social or political conditions, or not in harmony with the policy and objects of our own peculiar institutions." Hastings v. Day, 151 Iowa 39, 41, 130 N. W. 134, 135, 34 L. R. A., N. S., 1021, Ann. Cas. 1913A, 214, and cases cited therein.

The general common-law principle is set forth in section 343 of the Restatement of the Law of Property, volume 3, page 1913, as follows:

"When the donee by his will makes a gift of the residue of his estate or otherwise manifests an intent to pass all his property, this of itself does not manifest an intent to exercise any power."

This statement is in accord with repeated pronouncements of various textbooks and annotators to the effect that, in the absence of statute, it is generally held that a power of appointment is not executed by the residuary clause in a will unless an intent to exercise the power appears in addition thereto from the terms of the will. See 91 A. L. R. 442, 443; 32 A. L. R. 1395; 16 Ann. Cas. 203, 204; 21 R. C. L. 796; Ann. Cas. 1914D, 586, 587. This principle of the common law has been repeatedly recognized and applied in at least a dozen of the several states.

The following cases are illustrative of the rule: Pennsylvania Co. v. Morrell, 108 N. J. Eq. 188, 154 A. 416; Butler v. Prudden, 182 Ga. 189, 185 S. E. 102; Kiplinger v. Armstrong, 34 Ohio App. 348, 171 N. E. 245; Thomson v. Ehrlich, 148 S. C. 330, 146 S. E. 149; Emery v. Emery, 325 Ill. 212, 156 N. E. 364; Thom v. Thom, 101 Md. 444, 61 A. 193; Hollister v. Shaw, 46 Conn. 248; Burleigh v. Clough, 52 N. H. 267, 13 Am. Rep. 23; Carraway v. Moseley, 152 N. C. 351, 67 S. E. 765; Arnold v. Southern Pine Lbr. Co., 58 Tex. Civ. App. 186, 123 S. W. 1162; Lane v. Lane, 4 Penne. (Del.) 368, 55 A. 184, 64 L. R. A. 849, 103 Am. St. Rep. 122; Papin v. Piednoir, 205 Mo. 521, 104 S. W. 63.

Many well-established principles of the common law are recognized and applied in the application of the rule above referred to. One principle is applied herein, namely, that where the will is unambiguous, its interpretation is for the court and oral testimony is not admissible as a basis for the interpretation of the will. Another principle is that the will is to be interpreted from the language used therein and the words used are to be understood to mean what they say, no less and no more. Where a power of appointment is vested in one who has become deceased, it is usually held that the will of the decedent will constitute an exercise of the power in three classes of cases, to wit: (1) Where there is a reference to the power in the will; (2) where there is a reference to the property which is the subject on which it is to be executed; and (3) where the provisions of the will would otherwise be ineffectual. In the absence of any of these three requirements, it is usually held that the power of appointment does not constitute a part of the estate and therefore a general devise of "all the rest, residue and remainder" of the estate does not constitute an exercise of the power of appointment. Accordingly, the will relied upon by the appellant herein was insufficient to constitute an exercise of the power of appointment granted to Mrs. Proestler by the will of her deceased husband. Under the principles of common law, recognized and applied in the jurisdictions above referred to, the decree of the trial court was clearly right.

In five jurisdictions, the common-law rule has been ex-

pressly changed by statute. These states are Kentucky, New York, Pennsylvania, Rhode Island, and Virginia. The Kentucky statute is quoted in the case of Greenway v. White, 196 Ky. 745, 752, 246 S. W. 137, 140, 32 A. L. R. 1385, 1391, as follows:

" 'A devise or bequest shall extend to any real or personal estate over which the testator has a discretionary power of appointment, and to which it would apply if the estate was his own property; and shall operate as an execution of such power, unless a contrary intention shall appear by the will.' " [Kentucky Statutes, section 4845.]

This statute is substantially the same as section 27 of the English Wills Act (1 Vict., Ch. 26) and is similar to the other four statutes enacted in this country. Appellant relies upon decisions from the courts of these five jurisdictions. Obviously, the decisions are not in point because we have no such statute to interpret.

There are two jurisdictions, Massachusetts and New Hampshire, in which the courts, unaided by statute, have refused to recognize and apply the common-law rule and have developed a rule analogous to that which has been produced by the special statutes above referred to. Among the decisions relied upon by appellant are the following: Hassam v. Hazen, 156 Mass. 93, 30 N. E. 469; Cumston v. Bartlett, 149 Mass. 243, 21 N. E. 373; Emery v. Haven, 67 N. H. 503, 35 A. 940; Slayton v. Fitch Home, Inc., 293 Mass. 574, 200 N. E. 357, 104 A. L. R. 669; Boston Safe Deposit & Tr. Co. v. Prindle, 290 Mass. 577, 195 N. E. 793. Appellant urges us to follow the lead of Massachusetts and New Hampshire and, in effect, modify the common law by judicial legislation. We are unwilling to comply with this request. Where the common law is changed by statute, the change operates prospectively, the statute is not retroactive. However, counsel's contention would have us declare now what the law was in 1919 when Mr. Proestler's will was executed, in 1933 when his widow's will was executed, and in 1935 when the widow died and her will was admitted to probate. Not only would our decision be retroactive in determining the rights of the parties to this litigation, it would be retroactive as to all litigants in

this jurisdiction. Except as noted in Hastings v. Day, supra, lawyers and their clients are entitled to rely upon common-law principles in determining their rights and liabilities whenever such principles of the common law have not been changed by statute. To undertake to change those principles by judicial decision is a function which we should be reluctant to exercise.

The proper position of a court is very ably stated by the Supreme Court of Rhode Island in the case of Cotting v. De Sartiges, 17 R. I. 668, 672, 24 A. 530, 531, 16 L. R. A. 367, 370, where, in rejecting identically the same plea that is now made to us, the court states:

"The same rule also prevailed in England, New York, and Pennsylvania prior to the passage of statutes. In Massachusetts alone was a contrary rule adopted by the court. The law, therefore, has been practically uniform except as it has been changed by statutes. It is urged that these statutes show a tendency of opinion which the court should follow by adopting the rule of the statutes. The opportunity to make law is alluring, but it tempts beyond the judicial path. As our province is to declare law rather than to make it, we deem it our duty to adhere to the rule which is commended to us by reason and precedent until, as elsewhere, it shall be changed by legislative authority. If such a rule be the wiser one, the legislature can enact it; but outside of a statute it is hard to see upon what ground a court can decree an intention to execute a power when in fact no such intention is in any way evinced."

Subsequent to the foregoing decision, the legislature of Rhode Island enacted a statute similar to that of New York and Pennsylvania, chapter 203, section 9, General Laws R. I., 1896, which statute and the prior decisions of the court, as well as the general legal history of the question, are rather extensively reviewed in the case of Rhode Island Hospital Tr. Co. v. Dunnell, 34 R. I. 394, 83 A. 858, Ann. Cas. 1914D, 580. We are persuaded to the view and hold that, if the common law is to be changed the legislature should make the change here as was done in Rhode Island. Our conviction is strengthened by the fact that in only two states, Massachusetts and New Hampshire, have the courts undertaken to accomplish the change by judi-

cial decision, in only five states have the legislatures seen fit to act, and, in at least a dozen states, the common-law rule is recognized and applied. In view of this record, if Iowa is to depart from the rules of the common law, the legislature should exercise the authority and assume the responsibility for such departure.

By reason of the foregoing, the decree of the trial court herein must be, and it is,—Affirmed.

All JUSTICES concur.