*In re* KILPATRICK'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.

In construing provisions of a will it is the court's duty to ascertain and render effective the intent and purpose sought to be accomplished by the testator by including such provisions.

2. SAME—CONSTRUCTION—POWERS.

Testator's will conferring power of appointment of trust property upon his wife, which provided that a general residuary clause in her will shall not be deemed to be an exercise of such power and also provided for distribution of the trust property in case she failed to exercise the power indicates he sought to provide against a thoughtless, inadequately considered, or perhaps an illegal final disposition of the trust property.

3. POWERS—WILLS—EXERCISE BY TESTAMENTARY DONEE.

Where testator's will conferred power of appointment of trust property upon testator's widow, restricted the manner of its exercise to means other than a general residuary clause in her will and provided for distribution of the trust property in case she failed to exercise the power, her will, specifically stating it constituted the exercise of such power, making seven specific bequests of varying amounts and the balance of such property to be divided among 13 named beneficiaries all followed by a general residuary clause disposing of her own estate but specifically excluding the trust property from such clause as to which the power pertained, literally and fully complied with the power of appointment conferred upon her.

4. SAME—DONEE OF POWER A FIDUCIARY—EXERCISE.

The granting of a power by one person to another to dispose of the property of the donor either by will or by deed imposes a fiduciary position upon the donee of the power and the power must be exercised in the utmost good faith, for the purpose created, and in the exact manner provided in the instrument creating it.

Powers of appointment, generally, see 3 Restatement, Property, § 318 *et seq.*

Appeal from Wayne; Maher (Thomas F.) J. Submitted April 9, 1947. (Docket No. 29, Calendar No. 43,586.) Decided June 27, 1947.

In the matter of the estate of William H. Kilpatrick, deceased. Bessie S. Kilpatrick filed petition for final judicial settlement of trust estate. Petition dismissed. Plaintiff appealed to circuit court. Petition dismissed. Plaintiff appeals. Affirmed and remanded to circuit court for certification to probate court for further proceedings.

*Donnelly, Sanders & Donohoe,* for plaintiff.

*Dickinson, Wright, Davis, McKean & Cudlip (Selden S. Dickinson,* on the brief), for Detroit Trust Company, trustee.

NORTH, J. Bessie S. Kilpatrick is a sister of William H. Kilpatrick, deceased. His will, which was probated in the Wayne county probate court, contained a trust provision involving a substantial portion of his estate. This sister, claiming to be a beneficiary in her brother's testamentary trust, filed a petition in the Wayne county probate court for a "final judicial settlement of trust estate." The relief sought was denied, and on appeal to the circuit court a like result followed. Decision below in effect was that his sister had no beneficial interest in William H. Kilpatrick's testamentary trust. She has appealed to this Court.

The outcome of this litigation turns on the construction to be given to the William H. Kilpatrick will and, also, to the will of his widow by whom he was survived for approximately eight years. After making certain specific bequests William H. Kilpatrick made the following provisions in his will.

"V.  I give, devise and bequeath all of the rest, residue and remainder of my property and estate * * * to my wife, Eugean S. Kilpatrick, and Detroit Trust Company, a Michigan corporation of Detroit, Michigan, to take, have, hold and dispose of, under and in pursuance hereof, in trust, nevertheless, for the uses and purposes herein stated, and no other, that is to say:

"1. The trustees shall pay to my wife, Eugean S. Kilpatrick, the entire net income from the trust property and estate in approximately equal monthly instalments during her entire lifetime; and in addition thereto the trustees shall assign, transfer, convey and pay over to her such part of the principal of the trust estate as she may from time to time request in writing. * * *

"2. I give, devise and bequeath to my wife, Eugean S. Kilpatrick, the right and power to dispose of by her last will and testament, all of the rest, residue and remainder of the trust property and estate.  A general residuary clause in her will shall not be deemed to be an exercise of said power of appointment, and my wife shall be deemed not to have exercised said power of appointment if 2 years shall elapse after the time of her death without the corporate trustee having actual knowledge that she has made a will which has been presented for probate to some court of competent jurisdiction and which purports to exercise said power of appointment."

The next paragraph of William H. Kilpatrick's will in substance provided that if Eugean S. Kilpatrick "shall not have legally disposed of all of the rest, residue and remainder of the trust property and estate by her last will and testament" the corporate trustee shall assign and transfer one-half "of all of the rest, residue and remainder of the trust property and estate to the heirs at law" of his wife who shall take "as though she had died intes-

tate, and all ·of the rest, residue, and remainder of the trust property ·and estate to my (his) sister, Bessie S. Kilpatrick.''

Subsequent to the probation of William H. Kilpatrick's will and approximately eight years, after his death Eugean S. Kilpatrick died testate. Her will was received for probate in the Wayne county probate court. ·Following some preliminary provisions in her will Mrs. Kilpatrick provided for five special bequests from her own estate; thereafter her will beginning with paragraph 5 contains the following:

''5. By the last will and testament of my husband, William H. Kilpatrick, dated January 29, 1932, the right and power was lodged with me to dispose by last will and testament of all of the rest, residue and remainder of the trust property and estate as the same were constituted by said last will and testament of my husband. The within will constitutes the exercise of the power of appointment lodged with me by said last will and testament of my husband.

''6. I give and bequeath to Detroit Orthopedic Clinic, a Michigan corporation, for its general purposes, the sum of $5,000.

''7. I make the following cash bequests from the trust estate of my husband, upon the condition, in each instance, that the bequest shall be effective if and only if the legatees named shall survive me.''

Under the above paragraph the testatrix provided for six specific bequests totalling $6,400, the first of these being $5,000 to Bessie S. Kilpatrick. Thereafter the will proceeds as follows:

''8. All the rest, residue and remainder of the trust property and estate as to which I have the power of appointment under the last will of my husband, William H. Kilpatrick, I give, devise and

bequeath in equal shares to such of my nieces, (naming 13 nieces) as shall survive me.''

In the next paragraph of her will Mrs. Kilpatrick disposed of ''All of the rest, residue and remainder'' of her own estate (as distinguished from the trust property) in equal shares to such of her 13 nieces named in paragraph 8 of her will as should survive the testatrix.

Determination of this litigation hinges on the sole question of whether or not the manner in which Mrs. Kilpatrick made a testamentary disposition of the property which at the time of her death constituted the corpus of the testamentary trust created by the will of William H. Kilpatrick was in compliance with the power granted her by his will. The specific claim of appellant is that Mrs. Kilpatrick did not exercise the power of appointment in compliance with her husband's will wherein it provided: ''A general residuary clause in her will shall not be deemed to be an exercise of said power of appointment,'' but instead in attempting to exercise the power of appointment Mrs. Kilpatrick resorted to the use of a general residuary clause.

The court's duty is to ascertain and render effective the intent and the purpose sought to be accomplished by William H. Kilpatrick when he included in his will the provision just above quoted. Our consideration of this case brings the conclusion that by that provision he sought to provide against a thoughtless or inadequately considered final disposition of the portion of his estate to which the power of appointment applied. Or perchance the testator had been advised that there was some question as to whether it was legally possible to exercise such a power of appointment by a general residuary clause (See *In re Proestler's Will,* 232 Iowa, 640 (5 N. W. [2d] 922); 3 Restatement of Law of Prop-

erty, p. 1913), and sought to avoid that hazard by including in his will the provision under consideration.

There can be no question from the record before us but that Mrs. Kilpatrick by the terms of her will sought to fully comply with the requirements of her husband's will. In paragraph 5 of her will she spoke as follows: "The within will constitutes the exercise of the power of appointment lodged with me by said last will and testament of my husband." She then proceeded in paragraph 6 of her will to give $5,000 to the Detroit Orthopedic Clinic; and continuing in paragraph 7 she says: "I make the following cash bequests from the trust estate of my husband," and then provided for six bequests varying in amounts to six designated beneficiaries. As to the balance of the property constituting the corpus of her husband's testamentary trust the testatrix provided in paragraph 8 of her will that it should go in equal shares to each of 13 beneficiaries whom she named and otherwise identified. In the foregoing manner Mrs. Kilpatrick by definite and specific bequests disposed of all of the property to which the power of appointment in her husband's will appertained. By the express terms of paragraph 8 of the will the testatrix rendered it quite impossible that there should be any undisposed of portion as a remainder of the trust estate to which a residuary clause would be applicable. She accomplished this by providing in that paragraph that the remainder of the trust property was given, devised and bequeathed in equal shares "to such of" the 13 named beneficiaries "as shall survive me." Having done so, we think it would be a clear distortion of the fact to say that her disposition of the trust property was made by "A *general* residuary clause in her will;" notwithstanding in making the

13 bequests last above noted the testatrix referred to the property covered by such bequests as: "All of the rest, residue and remainder of the trust property and estate as to which I have the power of appointment."

And it is somewhat worthy of note that in the succeeding paragraph of her will Mrs. Kilpatrick embodied a residuary clause by which she disposed of all the rest, residue and remainder of "my estate;" but this residuary clause by its very terms excluded any portion of the trust property concerning which her husband's will had given her a power of appointment.

We do not overlook the phase of the law stressed by appellant and typified by the following, which purportedly is a quotation from the appellant's brief in *Pitman* v. *Pitman,* 314 Mass. 465, (50 N. E. [2d] 69), as reported in 150 A. L. R. 509, 511:

"The granting of a power by one person to another to dispose of the property of the first person either by will or by deed imposes a fiduciary position upon the donee of the power. The power must be exercised in the utmost good faith, for the purpose created, and in the exact manner provided in the instrument creating the power." (Citing numerous cases.)

But it is our conclusion that by the terms of her will Mrs. Kilpatrick literally carried out the intent and purpose and fully complied with the power of appointment contained in her husband's will. The judgment entered in the court below is affirmed, and the case will be remanded to the circuit court to be certified to the probate court for further proceedings. Costs to appellees.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.